[No. 3629.]

LYNCH v. SMYTH.

</div>

1. PRINCIPAL AND AGENT—RATIFICATION—PLEADING—EVIDENCE.
In an action on a bond where it was alleged that the instrument sued on was executed by defendant, evidence that defendant's name was signed by an agent under antecedent authority, or that defendant had subsequently ratified the unauthorized act of the agent in signing the bond, was competent to establish defendant's liability on the bond. Ratification has a retroactive effect, and when established is tantamount to an original authority.

2. BONDS—SEALS—EXECUTION BY AGENT—RATIFICATION—PAROL EVIDENCE.
A bond executed under section 97 of the code, to release attached property, is not required to be executed under seal, and if so executed the liability of the obligors is in no manner affected thereby. To authorize an agent to sign his principal's name to such bond, it is not necessary that such authority be under seal. Parol evidence is sufficient to establish such authority, or to establish a ratification of an unauthorized signing.

3. PRINCIPAL AND AGENT—RATIFICATION—EVIDENCE.
Where the question of ratification is involved, the relationship of the alleged principal and agent is important, as the presumption arising from acquiescence in the unauthorized act of an agent who exceeded his authority is much stronger than if the act had been that of a

mere stranger. For these reasons the record and pleadings in another action were properly admitted to show the relationship of principal and agent.

4. SAME—ERROR CURED BY INSTRUCTION.

Where it is sought to establish the liability of an obligor on a bond by showing a ratification of the act of an agent in executing the bond, error in admitting in evidence a power of attorney from the obligor to the party who executed the bond in his behalf, was cured by an instruction that the power of attorney did not, of itself, authorize the execution of the bond.

5. BONDS—CONSIDERATION—PRINCIPAL AND SURETY.

A benefit to the principal by the execution of a bond is a sufficient consideration to bind his sureties. It is not necessary that a benefit inure to the surety direct. And the same rule as to consideration applies where the surety is held by ratifying an unauthorized act of his agent in signing his name to the bond. The release of the principal's property from attachment is a sufficient consideration· to bind the sureties on the bond.

6. SAME—DAMAGE TO OBLIGEE.

In an action on a bond given to release attached property, it is not necessary for the obligee to show that he was damaged by the execution of the bond as a condition precedent to his recovery against the sureties on the bond, whether the surety signed the bond in person, or is held by ratifying the unauthorized act of an agent in signing his name to the bond.

7. PRINCIPAL AND AGENT—RATIFICATION BY SILENCE.

Silence of the alleged principal, when fully advised of what has been done in his behalf by one who attempts to act as his agent without authority, may be sufficient from which to infer a ratification of the unauthorized act. And if the party affected by the act of the alleged agent has an opportunity to improve his position, the alleged principal is bound to disapprove within a reasonable time after notice of such act, and a failure to do so is conclusive evidence of his assent.

8. SAME.

In an action against a surety on a bond to release property from attachment, where it appears that the surety's name was signed by the unauthorized act of an agent, but that the surety had notice of the fact of his name being signed to the bond in time to have enabled the obligee to have required other security, had he disapproved the act of his agent, it is no answer to the action to say that the obligee, if notified by the surety that he would not be bound by the bond, might not have taken any steps to obtain other security, or that if he had, such steps would have been unavailing. It is sufficient when it appears that by the conduct of the surety, the obligee was prevented from taking such steps, without regard to what might have been the result.

9. SAME—KNOWLEDGE OF PRINCIPAL.

Where a principal has knowledge that his name has been signed as surety
to a bond by one assuming to act as his agent, and fails to disap-
prove the act, he cannot escape liability on the ground that he did
not know the exact terms or the extent of his liability thereon. He
cannot escape the consequences of his silence by purposely closing
his eyes to his means of information, and remaining ignorant of the
details.

*Error to the Court of Appeals.*

IN 1889 and the early part of 1890, the River and Rail
Electric Company was doing business in Colorado Springs.
There was a disagreement respecting the management of the
corporate affairs of the company, which resulted in a contest
between the stockholders, one faction being represented by
Clement D. Smyth, the defendant in error in this court, whose
business interest in the company was managed by Edward
Ferris. It was apparently arranged by the faction represented
by Smyth, that an application for the appointment of a re-
ceiver should be made, and in contemplation of this move,
Smyth executed a power of attorney to Ferris, whereby he
appointed the latter his attorney in fact, to act for him in all
matters pertaining to the appointment of a receiver for the
company, and in all other matters connected with its affairs,
in which he had an interest as a stockholder. The object of
obtaining a receiver was to prevent the property of the com-
pany being attached by creditors, of whom plaintiff in error
was one. In pursuance of this authority, Ferris commenced
an action, in the name of Smyth, for the appointment of a re-
ceiver, executed a bond on behalf of his principal, and secured
a temporary injunction, restraining Lynch from proceeding to
collect his debt against the company, which action, however,
seems to have been abandoned. Subsequent to the dismissal
of this suit, and on the 24th of February, 1890, Lynch com-
menced an action against the company, to recover money
which he had advanced to further its operations, in which
suit a writ of attachment was issued, and personal property
of the company levied upon. The next day, the company

executed a bond, under the provisions of sec. 97 of the code, whereby it was, in effect; provided that the obligors thereon should pay Lynch any judgment which he might obtain against the company in his suit. This bond was approved by the sheriff, and the attached property released. Upon this bond one Metcalfe, with Ferris, were sureties ; Smyth's name was, also, affixed as a surety by Ferris, as his attorney in fact, a scroll seal being placed after the name of his principal. The suit of Lynch proceeded to judgment in May, 1890, and the present action is upon the above bond.

The trial of the case on this bond in the district court resulted in a judgment for Lynch, from which Smyth appealed to the court of appeals, where the judgment was reversed, and the cause has been brought here on error by Lynch.

On the trial of this cause in the district court, it appears from a letter dated February 27, 1890, written by Ferris to Smyth, the latter was advised that Lynch had placed an attachment on personal property of the company, and that Metcalfe and Ferris had given what he denominated "a forthcoming bond," and the attachment was released. Ferris testifies, in effect, that in April, 1890, he met Smyth in the East, and had some conversation with him regarding this bond, which he had assumed to execute on his behalf as his attorney in fact; that Smyth disapproved of this act of Ferris, claiming that he had no authority to do so under his power of attorney. Lynch, in his own behalf, stated that in April, 1890, he met Smyth in the city of New York, at which time they had a conversation about this bond, and that Smyth stated he would do everything in his power to prevent Lynch from collecting his debt; that he had given a bond for that purpose, and would give many more, if necessary. Smyth denies having had such conversation, or the making of such statements at any time. The suit of Lynch against the company in which this bond was given, was appealed by the latter to this court, where, on May 23, 1894, it was dismissed. Under date of January 2, 1893, Smyth addressed a letter to Ferris, at Colorado Springs, making inquiry relative to the wording of the

power of attorney which he had executed to Ferris, and the status of the bond in question, and whether it was a joint obligation with Metcalfe, or the obligation of each for a specified amount, indicating that he might repudiate this obligation if it could be done fairly, and requesting Ferris to look it up, and advise him. On February 17, following, Smyth, in another letter to Ferris, indicates that he is unable to understand clearly what obligation he incurred on this bond.

Smyth admits that in September or October, 1890, he learned from Ferris that the bond which is the subject of this controversy, had been given, and that his name was signed thereto as a surety. There is no evidence that he ever gave any notice to Lynch that he repudiated the bond, or stated to him that Ferris had no authority to affix his name thereto. He also testified that he was advised in February, 1890, that the injunction proceedings might be dismissed, in which case a "forthcoming bond" would have to be given. The trial court admitted in evidence the power of attorney originally given by Smyth; the bond in question; and also the pleadings and record, including the bond, in the suit brought by Smyth for the appointment of a receiver. The court, of its own motion, after defining the law upon the question of ratification, instructed the jury, in effect, that if they believed that Smyth knew of the existence of the bond sued on, and the transactions out of which the same arose, and after such knowledge, failed, within a reasonable time, to give notice to the plaintiff that he repudiated the act of Ferris in causing his, Smyth's, name to be placed thereon, and that by reason of the failure to give such notice, plaintiff was prevented from collecting his debt, such act on the part of Smyth might be taken as a ratification of the act of Ferris; and further instructed the jury that they must find from the evidence, that Smyth ratified the act of Ferris in signing his, Smyth's, name to the bond, with full knowledge of all the material facts, or with such knowledge as he could, with reasonable diligence, have obtained. The court also instructed that the power of attorney from Smyth to Ferris did not, of itself, authorize

Ferris to execute the bond in question in the name of, or on behalf of, Smyth. No exception was taken by plaintiff to this latter instruction. The verdict was for a considerable sum less than plaintiff was entitled to recover, if entitled to a verdict at all. The opinion of the court of appeals in this case will be found in 7 Colo. App. 383.

Mr. R. D. THOMPSON and Messrs. BROOKE, ARMIT & BLACKMER, for plaintiff in error.

Messrs. ROGERS, CUTHBERT & ELLIS, for defendant in error.

MR. JUSTICE GABBERT delivered the opinion of the court.

Before the court of appeals it was contended by counsel for Smyth, that he was not liable upon the bond, *first*, because no advantage resulted to, or consideration was received by, him for the execution of the bond, or its subsequent ratification on his part; *second*, no disadvantage resulted to, or damage was suffered by Lynch by the failure of Smyth to notify him that Ferris had no authority to execute the bond as his agent; *third*, the bond being sealed, and an instrument required to be in writing, there could be no binding ratification except by one in writing, or under seal; *fourth*, that the trial court erred in admitting evidence tending to show that Smyth was estopped by silence, no estoppel having been pleaded; *fifth*, admitting in evidence the power of attorney from Smyth to Ferris, and the record and pleadings in the receivership proceedings instituted by Smyth through Ferris; *sixth*, in instructing that the failure of Smyth to notify Lynch that he repudiated the act of Ferris in signing his name to the bond, if such failure resulted in preventing Lynch from collecting his debt, might be taken as a ratification of the bond on the part of Smyth, and in attaching to the instruction regarding knowledge relative to the material facts, the limitation " or with such knowledge as he could, with reasonable diligence

have obtained;" *seventh*, in receiving verdict and entering judgment thereon when it was for a less sum than plaintiff was entitled to recover, if he prevailed. Other questions were also urged, but they are included in the above.

On behalf of Lynch it was claimed that the power of attorney from Smyth authorized the execution of the bond in question, and he should, therefore, be held liable thereon. In answer to this proposition, counsel for Smyth insist that the failure to except to the instruction of the trial court, that the power of attorney did not, of itself, authorize Ferris to execute the bond on behalf of Smyth, precluded the consideration of the liability of Smyth by virtue of this power of attorney.

The third and fourth propositions advanced by counsel for Smyth were decided adversely to him by the court of appeals, and, we think, correctly. This is an action upon the bond as the obligation of Smyth. The ultimate fact pleaded was, that the instrument sued upon was executed by him, and evidence that Ferris had acted under an antecedent authority in the execution of the bond on behalf of Smyth, or that the latter had subsequently ratified an unauthorized act in that respect, was competent to establish such fact. *Hoosac M. & M. Co. v. Donat,* 10 Colo. 529. Ratification has a retroactive effect, and when established, is tantamount to an original authority. Ibid.; Wharton on Agency, § 68; Story on Agency, § 239; *Despatch Line v. Bellamy,* 12 N. H. 205.

Bonds of the character under consideration are not required to be sealed. If they are, the liability of the obligors thereon is in no manner affected thereby. In order to authorize Ferris to have signed the name of Smyth to this bond, it was not necessary that such grant of authority should have been evidenced by an instrument under seal; parol evidence of such authority would have been sufficient, and no more formality relative to the ratification of an unauthorized act is required than what would have been necessary to have originally granted authority to perform the act which it is claimed the

principal has subsequently ratified. Wharton on Agency, § 83; *Despatch Line v. Bellamy, supra.*

On the trial Lynch sought to establish the fact that Smyth had ratified the execution of the bond. There is no doubt that Ferris was the duly authorized agent of the latter in the receivership proceedings. The authority granted for that purpose was still in full force and effect at the time of the execution of this bond. When the question of ratification is involved, the relationship of the alleged principal and agent is important, as the presumption arising from acquiescence in the unauthorized act of an agent who has exceeded his authority is much stronger than if the act had been that of a mere stranger. *Union M. Co. v. Rocky Mt. Bank,* 2 Colo. 248 ; Story on Agency, § 256. For these reasons, the record and pleadings in the receivership proceedings were properly admitted, and as the court specially instructed the jury that the power of attorney from Smyth to Ferris did not, of itself, authorize the latter to execute the bond in question on behalf of Smyth, the error if any, in admitting this instrument, was cured by this instruction.

The benefit which accrues to the principal by the execution of a bond, is a sufficient consideration to bind his surety. No consideration need inure to the latter direct, and the effect of ratification being retrospective, so that the contract thus entered into becomes as effective for the party ratifying as if it had at its inception been executed under his orders, no further or other consideration is required different from that which would have been sufficient in the first instance had he executed the instrument himself, or expressly directed his signature to be placed thereon. *Drakely v. Gregg,* 8 Wall. 242. This rule, however, may be different where the act of the assumed agent is void, and not merely voidable. By the execution of this bond, the benefit accruing to the company was an adequate consideration therefor, sufficient to bind Smyth had his name been signed by express authority, and a subsequent ratification having the effect of making it his obligation from the time his name was placed thereon by Fer-

ris, no new consideration was necessary in order to render it obligatory upon him by ratification.

Had the bond been executed in the first instance by the express authority of Smyth, it would not have been necessary for Lynch, as a condition precedent to his recovery thereon, to show that he had been damaged by reason of the execution thereof, and as the effect of ratification was to make the bond the obligation of Smyth from its inception, it follows that if liable thereon under the doctrine of ratification, Lynch's rights, in so far as they relate to a recovery, are precisely the same, and he is required to establish no facts different from what he would had Smyth signed the bond individually. Silence of the alleged principal, when fully advised of what has been done in his behalf, by one who attempts to act as his agent without authority, may be sufficient from which to infer a ratification of the unauthorized act, 2 Greenleaf on Evidence, § 67; *Rae v. King*, 13 Colo. 69, which, however, is not conclusive, except the party affected by such silence has been misled or injured, *Rae v. King*, *supra;* so that it does not necessarily follow that one seeking to enforce a liability by ratification, arising from silence, or a failure to repudiate an unauthorized act after knowledge thereof, must also show that by such silence he has been misled to his prejudice, although it is proper to do so, as silence of the alleged principal under such circumstances may, of itself, be sufficient to establish a ratification of such act. *Union M. Co. v. Rocky Mt. Bank*, *supra*. Where, however, after knowledge of the unauthorized act comes to the alleged principal, the party affected by such act has an opportunity to improve his position, the alleged principal is bound to disapprove within a reasonable time after notice of such act, and a failure to do so is conclusive evidence of assent. Ibid. Smyth was a stockholder in the company against which Lynch was seeking to enforce his claim. By the execution of the bond in question, the company was permitted to enjoy the property attached in that action, and, proportionately, this benefit accrued to Smyth. The evi-

dence tended to show that he knew his name had been signed
to this bond, before the cause was finally disposed of in the
district court.   He admits that while the same was pending,
in this court, he was advised that his name appeared upon
the bond as a surety, placed there by Ferris.   He took no
steps to notify Lynch that he repudiated the act of Ferris,
in this respect.   Lynch would certainly have had the right
so long as the cause was not finally determined to have taken
steps to secure additional security in aid of his attachment,
if advised that the bond was insufficient, without the name
of Smyth.   The power of the court in which the action was
pending was inherent in this respect, if invoked, even if
there is no statute on the subject; and it is no answer to
this proposition to say, that Lynch, if notified by Smyth that
he would not be bound by the bond might not have taken
any steps toward obtaining other security in lieu of the latter,
or, if he had, that such steps would have been unavailing, as
it is sufficient when it appears that by reason of the conduct
of Smyth he was prevented from taking such steps without
regard to what might have been the result, *Leather Mfg. Co. v.
Morgan*, 117 U. S. 96; *Robb v. Vos*, 15 Sup. Ct. Rep. 4,
so conceding that it should appear that Smyth was benefited
by ratification of the bond, or that it was necessary to show
that Lynch was prejudiced by his silence, both of these facts
are established, or there was evidence tending to establish
each.   Smyth knew that his name appeared upon this bond
as a surety, placed there by Ferris, assuming to act as his
agent.   This was knowledge of the essential facts which re-
quired him to approve or disapprove of the act of Ferris in this
respect. *Higgins v. Armstrong*, 9 Colo. 38.   He may not have
known its exact terms, or the extent of his liability thereon, but
after knowledge of the material facts, he cannot escape the con-
sequences of his silence by remaining wilfully ignorant or
purposely closing his eyes to means of information regarding
the details within his control.   Ibid.   The instructions of
which Smyth complains were more favorable than he was
entitled to have given, because, as we have seen, ratification

might have been established by silence alone; the evidence established Lynch had been prejudiced by such silence; and by his own admissions he had knowledge of the essential facts at a time which required him to speak, if he did not wish to assume any liability upon the bond.

The verdict of the jury is for a considerable less sum than Lynch established he was entitled to recover. Had there been a marked conflict in the evidence on the subject of ratification, this might have become a very important question in determining whether the verdict should stand or be set aside, as it might well be contended that if the jury had failed to consider the evidence on one subject regarding which there was no dispute, they might, also, have failed to give evidence on other subjects due consideration, or that the verdict was the result of a compromise on the question of ratification; but, in our judgment, the evidence is so clear on this latter subject, that the failure of the jury to return a verdict for the full amount to which Lynch was entitled, is of no moment, as the party prejudiced by such verdict is not complaining, and Smyth, certainly, is not in a position to do so. From the views already expressed, it becomes unnecessary to pass upon the question relative to the authority granted by the power of attorney from Smyth to Ferris, or whether the failure of Lynch to except to the instruction of the court on this subject precludes a consideration of it at this time.

The judgment of the court of appeals is reversed, and the cause remanded, with directions to affirm the judgment of the district court.

*Reversed and remanded.*

CAMPBELL, C. J., not participating.