[No. 4910.]

THE PEOPLE EX REL. LATHROP v. THE COURT OF APPEALS ET AL.

1. **Appellate Practice—Certiorari.**

A judgment of the court of appeals will not be reviewed by the supreme court on writ of certiorari unless the court of appeals was without jurisdiction to render the judgment, or unless in a clear case some decision of the supreme court is ignored, or unless cases, if any, are presented involving the same principles.

2. **Same—Advancing Case.**

An order of the court of appeals advancing a case that could not be advanced as a matter of right under the statute, but which might be advanced for good cause shown, made and entered in the cause before the case was ready for submission, did not ignore the statute or any decision of the supreme court so as to give the supreme court jurisdiction to review the judgment of the court of appeals by writ of certiorari.

3. **Appellate Practice—Certiorari—Attorneys' Fees.**

In an action by an attorney at law against an executor for an attorney's fee and to establish a lien against trust property in the executor's hands, a judgment of the court of appeals holding that no contract for a fee had been entered into between the

executor and the attorney did not ignore any decision of the
supreme court holding that a judgment recovered by an attorney
at law for fees was entitled to a lien upon trust property.

*Original Application for Writ of Certiorari.*

Mr. C. C. BROWN, for relator.

Messrs. McBETH & MAY, for respondent Hallett.

*Per Curiam.*—The relator, an attorney at law, as
plaintiff, brought her action in the district court of
the city and county of Denver against Moses Hallett
as executor and trustee under the last will and testa-
ment of George W. Clayton, deceased, and the city
of Denver as cotrustee thereunder to recover a judg-
ment for legal services, which she claimed to have
performed under a contract therefor with such exe-
cutor, in a contest proceeding over the validity
of the will, which judgment, when recovered, she
sought to have made a lien upon the property of
the estate. The district court found against her, and
its judgment was affirmed upon appeal by our court
of appeals.—*Lathrop v. Hallett*, 20 Colo. App. ——
(77 Pac. 1095). To obtain a review of the latter
judgment, Lathrop files here this petition for a writ
of *certiorari*.

Some of the grounds, to which many authorities
are cited, upon which she bases her right to a review,
do not call for any consideration at our hands. They
concern alleged error in rulings upon matters clearly
within the jurisdiction of the court of appeals, which
rulings are not antagonistic to any former decisions
of the supreme court. The latest pronouncement of
this court as to its authority to review judgments
of the court of appeals upon *certiorari* is found in
*People ex rel. Hagerman v. Court of Appeals*, 32
Colo. 147. Its previous decisions are therein cited,
and the doctrine of the cases summarized by the

writer of the opinion in the statement that, unless the court of appeals is without jurisdiction to render the judgment, or unless in a clear case it ignores some decision of this court, or unless cases, if any, are presented involving the same principles, *certiorari* will not be granted. Let us test the pending application in the light of this doctrine and see if there was jurisdiction below or a refusal to be guided by our previous decisions.

There is no doubt that the court of appeals had authority to pronounce the judgment which is here attacked. Miss Lathrop herself invoked its jurisdiction, and in that respect acted advisedly. It is claimed, however, that, in rendering that judgment, previous decisions of this court were willfully disregarded in the following particulars:

1. In an action pending in the court of appeals which was not, under the statute, one that could be, as matter of right, advanced on the hearing docket, against petitioner's objection that tribunal made an order that the same be advanced, which was entered before the cause was ready for submission. Thereby, it is said, were ignored the statute and a prior decision of this court on a question of practice, *Dickinson v. Freed,* 24 Colo. 483, where it was declared to be the established practice of this court where, as a matter of right or for good cause shown, a cause may be advanced, not to entertain an application therefor until the abstract and all the briefs have been filed in accordance with the rule of court, and the cause is ready for submission. The very case cited recognizes, by implication, that actions not within the letter of the statute may, for good cause shown, be advanced, though the parties are not, as of right, entitled to the order. So there is nothing to the argument that the action could not, in any event, be hastened for hearing.

It should be borne in mind that under the so-called court of appeals act (Session Laws 1891, 119), by section 6 thereof, the court of appeals had power to adopt rules regulating procedure therein, *provided* that such procedure shall be so far similar to that of the supreme court as, in the judgment of the judges of the court of appeals, may be practicable. It is to be observed, in the first place, that while the order did contemplate the advancing of the cause before the same was ready for submission, it also provided therein that the respective briefs should be filed within a certain time, and when compliance therewith was had, the cause would be set for oral argument upon the application of either party. In a substantial sense, therefore, the cause was not advanced until after it was at issue, since oral argument, which the parties requested, was not had until after the abstracts and briefs were all filed.

But if it be conceded that the order was, under our practice, prematurely made, we are not prepared to say that, for a failure strictly to conform thereto, such action of the court of appeals may be reviewed here upon *certiorari*. The established practice, not any specific rule, of this court precludes a party as a matter of right from moving to have a cause, in a proper case, advanced until it is at issue. This, however, is far from saying that the court may not, for a reason satisfactory to itself, or of its own motion, deviate from the practice and in a proper case advance a cause on the docket before the same is at issue. We are not to presume that prejudicial error was committed, and, for aught that appears to the contrary, the order here may have been made before the cause was at issue, because appellant there (petitioner here) asked for and obtained a long extension of time for the filing of her brief.

There is a further contention by petitioner that

the advancing of the case worked an injury to her because, if the case had been taken up in its regular order, it would not have been reached until after the court of appeals, by the late constitutional amendment, was abolished, and, under such amendment, the appeal would then have been heard and determined in the enlarged supreme court, three of whose judges constituted the court at the time she rendered valuable services in the contest over the will for which she sought a judgment. She had no statutory right to be heard in the supreme court. That the necessary effect of the order for advancing the cause prevented the consummation of her desire to submit her case to what she deemed a more favorable court, is not a proper thing to consider upon the present hearing. To the judgment and sound legal discretion of the judges of the court of appeals is confided the determination of the question as to how nearly similar to our procedure is that which they are required, by rule, to prescribe for that court. And we hold that the alleged departure here is not of such a character, nor is the supposed injury to petitioner of such nature, as to entitle her to the extraordinary relief demanded.

2. It is said that the court of appeals also disregarded the decision in *Fillmore v. Wells,* 10 Colo. 228; *Davidson v. Comrs.,* 26 Colo. 549, and *Lynch v. Smyth,* 25 Colo. 103. We have given attentive consideration to these cases, and find the contention not good. In the Fillmore case it was held that a judgment recovered by an attorney for his professional services may be impressed as a lien upon the fruits of a judgment relating to real estate. That doctrine was not ignored by the court of appeals in the judgment complained of. In the Fillmore case the court found that a contract of employment had been entered into between the attorneys and a guardian, and the

judgment recovered for such services was the foundation of the lien which it fastened upon the property of the wards. Here both the district court and the court of appeals held that no contract was made or authorized by the executor of this estate with Miss Lathrop; therefore there was no occasion for applying the doctrine pertaining to attorneys' liens.

Wherein the Davidson case, *supra,* was disregarded, we are at a loss to discover. We are satisfied that nothing there said was ignored.

It is said that the court of appeals refused to follow the doctrine that a principal may, by ratification, be bound by the act of an agent (which this court, in *Lynch v. Smyth, supra,* announced), but, on the contrary, applied the principles laid down in the overruled decision in *Smyth v. Lynch,* 7 Colo. App. 383. This contention is groundless. It does not appear that the facts of this case are the same as, or similar to, those in the Lynch case. It was a question of fact in both cases as to whether the principal ratified the acts of the agent. It does not appear that the court of appeals failed, or refused, to apply to the facts of the present case the law, as heretofore declared by us, which governs the ratification by a principal of the agent's act.

It follows, therefore, whether the court of appeals was right or wrong in its decision, it not only had jurisdiction of the appeal, but it is not made to appear that, in any proper sense, it has ignored any previous decision of this court in pronouncing its judgment.

The rule to show cause, heretofore issued, is discharged, and this proceeding is dismissed.

*Proceeding dismissed.*