[No. 4175.]

THE PEOPLE EX REL. GREEN v. THE COURT OF APPEALS.

|  |  |
|---|---|
| 27 | 405 |
| f27 | 410 |
| 27 | 411 |
| f27 | 412 |
| 27 | 405 |
| 28 | 443 |
| 28 | 444 |
| 28 | 446 |
| 27 | 405 |
| 30 | 11 |
| 27 | 405 |
| 32 | 151 |
| 27 | 405 |
| 37 | 113 |

1. JURISDICTION—SUPREME COURT—SUPERINTENDING CONTROL OVER INFERIOR COURTS.

The supreme court's constitutional power of "superintending control over all inferior courts" was not designed to secure the review of judgments in connection with ordinary appellate jurisdiction, but should be exercised only in special or extreme cases, whose peculiar circumstances as to the facts or the law governing the same justify a resort to it.

2. SAME—SUPERINTENDING CONTROL OVER COURT OF APPEALS.

The supreme court may exercise its power of "superintending control" over the court of appeals when the court of appeals is without jurisdiction to review the judgment in question.  And when in a clear case the court of appeals refuses to be guided or controlled by the law as laid down in prior decisions of the supreme court, it would become the imperative duty of the supreme court to resort to its power of "superintending control" in order to enforce uniformity of decisions in the appellate courts of the state.

3. SAME.

When the court of appeals has jurisdiction to review a case, its jurisdiction is not affected by the correctness or incorrectness of its decision, and if its decision is not contrary to any prior decision of the

supreme court, it cannot be reviewed by the supreme court under
its power of "superintending control" on the ground that it is at
variance with the settled doctrine upon the subject under consider-
ation.

4. JURISDICTION—HABEAS CORPUS—CUSTODY OF INFANTS.

The court of appeals has jurisdiction to review the judgment of a dis-
trict court in a *habeas corpus* proceeding to determine the right to
the custody of an infant, and the supreme court will not issue a writ
of certiorari to review the judgment of the court of appeals in such
case.

*Petition for a Writ of Certiorari.*

Mr. HENRY T. SALE and Mr. MORGAN EDGAR, for peti-
tioner.

Messrs. PATTERSON, RICHARDSON & HAWKINS, for re-
spondent.

PER CURIAM. This is a petition for a writ of certiorari to
review a judgment of the court of appeals in the case of *Eliza
J. McKercher et al. v. Frederick I. Green,* brought to that
court on a writ of error to a judgment of the district court
of Arapahoe county. A proceeding in *habeas corpus* was in-
stituted in the district court to determine the right to the
custody of an infant child, as between the father and the im-
mediate family of the deceased mother. The district court
awarded the custody of the child to the father. The court
of appeals reversed this judgment, and remanded the case to
the district court, with instructions that a decree be entered
dismissing the writ and awarding the custody of the child to
respondents, upon the ground that the best interests of the
child would be thereby subserved. *McKercher v. Green,* 13
Colo. App. 270.

The grounds upon which the right to the writ is predicated
are, first, that the court of appeals had no jurisdiction to re-
view the judgment of the district court; second, that if it
should be held that it had jurisdiction to review the judgment,
it exceeded its jurisdiction and greatly abused its discretion,

in rendering the particular judgment it did render. It is conceded that no appeal to or writ of error from this court would lie to review the judgment rendered by the district court in the first instance; and that if reviewable at all, on appeal or error, it was within the exclusive and final jurisdiction of the court of appeals; and the review now asked can only be had in the exercise of our "general superintending control over all inferior courts," lodged in the supreme court by section 2, article 6 of the constitution, which reads as follows:

"The supreme court, except as otherwise provided in this constitution, shall have appellate jurisdiction only, which shall be coextensive with the state, and shall have a general superintending control over all inferior courts, under such regulations and limitations as may be prescribed by law."

We are directly called upon, in this and three other cases now pending, to lay down the rule which should govern us in the exercise of the power of "superintending control" conferred upon us by the foregoing provision, in reference to the action and decisions of the court of appeals. It is strenuously insisted by some of the petitioners in these cases that it should be exercised in all cases where the court of appeals ignores or misconceives any well settled rule of law upon any given subject, or fails to regularly pursue the authority conferred upon it. We do not think that this is the intendment of this provision. As was said in *People v. Richmond*, 16 Colo. 278:

"It was not designed to secure the review of judgments in connection with ordinary appellate jurisdiction;" but,

"It was, rather, intended that the power thus lodged in the supreme court should be exercised only in special or extreme cases, whose peculiar circumstances as to the facts or the law governing the same justify, in the opinion of this court, a resort to it." *In re Ingersoll*, 50 La. Ann. 748.

Without attempting to specify the reasons that may be sufficient to justify us in exercising the power in other cases, we are of the opinion that it may be resorted to in the following instances:

*First.* When the court of appeals is without jurisdiction to review the judgment in question.

*Second.* When in a clear case it refuses to be guided or controlled by the law as laid down in the prior decisions of this court.

In this event, it would become our imperative duty to resort to it, in order to enforce uniformity of decision in the appellate courts of the state.

In the present case it is not claimed that the judgment of the court of appeals is contrary to any prior decision of this court; but that in rendering the particular judgment complained of, it applied to the undisputed facts of the case a rule of law at variance with the settled doctrine upon the subject under consideration; and that if its jurisdiction to review the judgment of the district court be conceded, it nevertheless had no authority to render the judgment it did.   In other words, it appearing from the testimony that no moral disqualification prevented the father from receiving the custody of the child, and that he was financially able to provide for all its wants, and raise it in the station of life in which it was born, the court had no power to deprive him of its custody, notwithstanding, under all circumstances, the best interests of the child would be subserved by its remaining with respondents.   It is said that no court has the authority, for such reason, to deprive the father of his natural and statutory right to the guardianship of his infant child; and in so doing, the court of appeals exceeded its lawful authority in the premises.   If the court of appeals had jurisdiction to review the case before it, it is clear that such jurisdiction was not affected by the manner in which it decided.   While it is true that jurisdiction includes not only the power to hear and determine, but also the power of the court to render the particular judgment in the particular case—that is, it may not render a judgment not within the issues, but must have properly before it the particular question it assumes to decide—yet from this it by no means follows that if it wrongly decides a question within the issues, it thereby exceeds its jurisdiction.

In other words, its jurisdiction is not affected by the correctness or incorrectness of its decision. In this case the court of appeals was called upon to determine whether, under the facts and circumstances of the case as presented by the record before it, the district court had correctly adjudged the right to the custody of the child. It was therefore within its jurisdiction to determine that question; and whether it correctly or incorrectly applied the rule of law to the facts thus presented, is not open to inquiry in this proceeding. If it is, as contended by counsel, a proper exercise of our superintending control to determine this question, then every case within the final jurisdiction of the court of appeals might be brought before this court for review.

The remaining question is, whether the court of appeals had jurisdiction to review the judgment of the district court, it being a judgment in a *habeas corpus* proceeding. Counsel for petitioner contend that no review of such judgment can be had on appeal or error unless the same is expressly provided for by statute. Whatever may be the rule in this regard applicable to the usual judgment in *habeas corpus* discharging a party from illegal imprisonment, we think that in a case where the controversy involves the right to the custody of an infant, although the writ of *habeas corpus* is used to determine that right, it is nevertheless a civil suit, and the judgment rendered being a final adjudication in regard to such custody, it is clearly reviewable by the court of appeals, under the statute creating that court.

Our conclusion is that the petition presented is insufficient to justify the issuance of the writ prayed for; and the demurrer thereto should be sustained, and the petition dismissed, which is accordingly done.

*Petition dismissed.*