[No. 4079.]

THE PEOPLE EX REL. LIVINGSTON ET AL. v. THE COURT OF APPEALS.

JURISDICTION—SUPERINTENDING CONTROL OF SUPREME COURT OVER COURT OF APPEALS.

The supreme court will not in the exercise of its power of superintending control, review, by *certiorari*, a judgment of the court of appeals in a case in which that court has final appellate jurisdiction, on the ground that the court of appeals in its decision ignored decisions of the supreme court and disregarded the law therein announced, where the opinion of the court of appeals discloses that it

did not ignore the decisions of the supreme court but considered them, and accepted the law as therein laid down as correct and controlling as a general proposition, but decided that in the particular case before the court the peculiar facts and circumstances took the case out of the general rule laid down in the supreme court cases and brought it within certain well recognized exceptions.

*Petition for Writ of Certiorari.*

Mr. C. S. Essex, for relators.

Mr. E. C. Glenn, Mr. W. B. Vates, Mr. W. B. McNeel and Messrs. Bicksler, McLean & Bennett, for respondent.

Per Curiam. This is also one of the cases referred to in *People ex rel. Green v. Court of Appeals, ante,* p. 405, and is an application for a writ of *certiorari* to review a judgment of the court of appeals in the case of *Livingston v. Dry Goods Co.,* affirming a judgment of the district court of Pueblo county. The facts out of which the controversy arose are fully set forth in the opinion of the court of appeals, reported in 12 Colo. App. 320, and are in brief as follows :

One I. S. Glass, a merchant of Pueblo, while indebted to plaintiffs and others for the purchase price of goods in the sum of about $5,000, gave certain chattel mortgages upon his stock of goods to relators, and turned over the mortgaged property to Livingston, who was his brother-in-law, to hold and dispose of the same ; and shortly after, absconded from the country, going to Europe, where he has since remained. The plaintiffs, some of whom had commenced suits by attachment and had seized and taken from Livingston's possession goods amounting to about $2,000, commenced this action to set aside the chattel mortgages, upon the ground that they were fraudulent and were given and received with intent to hinder and delay plaintiffs in the collection of their claims. A receiver was appointed by the district court, who took possession of the property for the purpose of discharging the claims of plaintiffs and other creditors of Glass, and wound up the insolvent estate.

On error to the court of appeals the judgment of the district court granting the relief prayed for was affirmed. It is insisted that in upholding the right of simple contract creditors to maintain an action in the nature of a creditor's bill, the court of appeals ignored several decisions of this court and disregarded the law as therein announced. By referring to the opinion of the court of appeals, it will be seen that this claim is unfounded. Instead of ignoring the former decisions of this court upon the subject, the learned writer of that opinion specifically referred to, and carefully considered them, and accepted the law as therein laid down as correct and controlling as a general proposition; but sustained the right of the plaintiffs to maintain this action, although their claims had not been previously reduced to judgment, upon the sole ground that the facts and circumstances surrounding the transactions in question took this case out of the general rule laid down in those cases, and brought it within certain well recognized exceptions. We can find nothing in the reasoning or conclusions of the court of appeals that shows any disposition to disregard the law upon this subject, as laid down by this court, or any attempt to announce a doctrine that in any manner conflicts therewith. It has simply, in the exercise of its jurisdiction, decided that the peculiar facts of this particular case do not bring it within the general rule that controls the right to maintain an action in the nature of a creditor's bill.

Our conclusion is that the opinion of the court of appeals is not obnoxious to this objection; and the other objections urged do not bring the case within any rule that would justify our interference in this proceeding. The demurrer is therefore sustained, and the petition dismissed.

*Petition denied.*