[No. 4172.]

## THE PEOPLE EX REL. WILSON BROTHERS V. THE COURT OF APPEALS.

1. CERTIORARI—JURISDICTION.

Where the court of appeals had jurisdiction to review the judgment of the lower court and had jurisdiction to determine the question of the validity or invalidity of certain chattel mortgages and deed of trust in issue in the case, the supreme court will not upon certiorari review the action of the court of appeals in holding the chattel mortgages and deed of trust invalid, on the ground that the facts were insufficient in law to sustain the conclusion of that court or that such facts were immaterial under the issues made by the pleadings.

2. SAME.

Where the court of appeals had jurisdiction of the case and authority to determine the several questions passed upon by it, its action thereon will not be reviewed by the supreme court upon certiorari unless it clearly appears that that court has refused to be guided or controlled by the law, relative to the questions determined, as laid down by the prior decisions of the supreme court. The mere fact that the court may have erred in applying the rules of law to the facts presented, or erred in the decision of the questions raised is not open to enquiry upon certiorari.

3. FRAUDULENT INTENT—JURISDICTION.

Notwithstanding the provision of section 2033 Mills Ann. Stats. that the question of fraudulent intent shall be deemed one of fact and not of law the courts are not deprived of the power to pronounce the judgment of the law in any case which the facts justify.

4. JURISDICTION—VALIDITY OF SECURITIES—FRAUD—PLEADING.

Where the main issue between the parties was as to the validity of certain securities, and the court of appeals had jurisdiction to determine that issue, it also had jurisdiction to determine whether or not the pleadings presented the issue of fraud, and the court having held the securities invalid on the ground that they were fraudulent, the supreme court will not upon certiorari review the ruling of the court of appeals on the ground that fraud was not made an issue by the pleadings.

*Original Proceedings on Certiorari.*

Mr. N. M. CAMPBELL for relators.

No appearance for respondent.

*Per Curiam.*—This is one of the cases mentioned in *People v. Court of Appeals,* 27 Colo. 405, 61 Pac. Rep. 592, and is an application for a writ of certiorari to bring here for review the judgment of the court of appeals in the case of *Shideler v. Fisher* 13 Court of Appeals, 106.   The facts in that case are briefly these: Weinberg & Company, engaged in business at Cripple Creek and Aspen, in this state, being in failing circumstances, executed chattel mortgages and a trust deed to secure certain of their creditors.   Subsequent to this action upon their part, unsecured creditors commenced actions in attachment against them, and levied upon the property covered by these conveyances.   In those actions, the mortgagees, who are the relators here, intervened. The question thereby raised was the validity of the chattel mortgages and trust deed held by intervenors.   The trial court held such securities invalid, for the reason that they were fraudulent. This judgment was affirmed by the court of appeals.   On behalf of the relators it is contended that the court of appeals erred in affirming such judgment, and holding their securities fraudulent, for the reasons (1) the facts from which such conclusion was deduced were not material to the issues made by the pleadings; (2) the knowledge of fraud claimed to be in the possession of agents of certain of the relators could not properly be imputed to the latter; (3) the act of Weinberg & Company, in securing the firm of Thompson, Perkins & Thompson for future services was not fraudulent in law; (4) the action of the trial court in allowing the consolidation of the suits of the attaching creditors without motion or notice to the relators should not have been sustained; (5) the motion of relators for a change of venue

to the county of El Paso should have been granted; (6) certain evidence was not properly considered.

The court of appeals had jurisdiction to review the judgment in the case to which this proceeding is directed. It also had jurisdiction to determine the questions which relators insist were not properly decided. The validity of the chattel mortgages and trust deed in question was the material issue. The court of appeals held that all creditors secured by these instruments were charged with notice and knowledge of their fraudulent character. Whether or not the facts from which this conclusion was deduced were sufficient in law to sustain it, or that such facts were material under the issues made by the pleadings, or, in short, whether or not the court of appeals erred in any of the particulars stated by relators, is immaterial, so long as that tribunal had jurisdiction of the case, and therefore, authority to determine these several questions, unless it has clearly refused to be guided or controlled by the law relating to the questions raised by relators, as laid down in the prior decisions of this court. The mere fact that it may have erred in applying the rules of law to the facts presented, or erred in the decision of the questions raised, is not open to inquiry in this proceeding. Any other rule would result in permitting every case within the final jurisdiction of the court of appeals to be brought here for review—*People v. Court of Appeals, supra.*

The remaining question is, has the court of appeals ignored any principles of law laid down in the prior decisions of this court? As applied to the facts, it has not. This court has never determined the question of the right of intervenors to a change of place of trial under the provisions of the code, on the ground urged in support of their application for such change in the trial court. Neither has this court determined the question of practice relating to the consolidation of cases by several attachment creditors against the same defendant. As we understand the record, the claim of Thompson, Perkins & Thompson was held

invalid for the reason that the note given by the attachment defendants to this firm was intended to recompense them for services which they might render the defendants in upholding the mortgages which the court declared to be fraudulent.   We are not aware of any decision of this court holding to the contrary.   The case of *Burr v. Clement* 9 Colo. 8, relied upon by counsel for relators, is not in point.   In that case the court found that the assignment for the benefit of creditors was in good faith, or at least there was no evidence to the contrary, and therefore, the provision in the deed of assignment for the payment of reasonable attorneys' fees due and to become due for services rendered for the benefit of the property assigned, did not vitiate the deed of assignment.   That the court held the mortgages fraudulent in law as to those mortgages, does not contravene any decision of this court, holding that under the provisions of section 2033, 1 Mills Ann. Stats., the question of fraudulent intent shall be deemed one of fact, and not of law.   Notwithstanding this provision, courts are not deprived of the power to pronounce the judgment of the law in any case which the facts justify.   *Burr v. Clement, supra.*

We are of the opinion, therefore, without determining whether the court of appeals erred or not, that no questions are presented by the petition for certiorari which invoke the jurisdiction of this court, under the constitutional provision giving it general superintending control over all inferior tribunals.   The writ is denied and the petition dismissed.

CAMPBELL, C. J. not participating.

---

*On Petition for Rehearing.*

*Per Curiam.*—In support of petition for rehearing counsel has filed an able and elaborate brief.   It is claimed that the court of appeals erred in holding that the securities executed by Weinberg & Company were invalid, so far as petitioners are concerned.

The decision appears to be based upon the ground that such securities were fraudulent. It is asserted that no such issue was made by the pleadings. This was a question which the court of appeals had jurisdiction to determine, and this court cannot review its action thereon in this proceeding. It is said that in *People v. Court of Appeals, supra,* this court has held that the court of appeals may not render a judgment without the issues. From this it is argued that if the issue of fraud or other questions upon which the judgment of invalidity was based were not presented by the pleadings, that the court of appeals has rendered a judgment without the issue. The material question involved was the validity of the securities. The assertions of the respective parties, as stated in their pleadings, why they were valid or invalid, were but collateral to this main question. When the court of appeals decided that such securities were invalid, that was a judgment within the issues. If it erred in reaching this conclusion by holding that such judgment was warranted on account of fraud, that was a matter which, as we have already stated, was within the jurisdiction of the court of appeals to determine from the pleadings as one of the collateral issues in the case. The conclusion denying the writ in this instance based, as it is, upon the questions raised by the petition, is fully supported by the cases which appear in vol. 51, L. R. A., pp. 33 to 112 inclusive, and those mentioned in the exhaustive notes appended.

The petition for rehearing is denied.

*Petition denied.*

CAMPBELL, C. J., not participating.