[No. 4469.]

THE PEOPLE EX REL. SALOMON, AS EXECUTOR, v. THE COURT OF APPEALS.

**1.   Jurisdiction—Judgments.**

The jurisdiction of a court to render a judgment is not determined alone from the controverted or uncontroverted questions of fact which may alone be involved in a case, but from the object of the action. If the judgment pronounced is re-

sponsive to the relief sought in the action it is within the juris-
diction of the court pronouncing it, even though it is erroneous
or is based upon an issue, which in fact is not involved.

2.   Same—Contracts—Vendor's Lien.

In an action to enforce a vendor's lien it was within the
jurisdiction of the court to hold that the contract on which the
lien claimed was based was not a contract of sale although no
such issue was made by the pleadings, and its jurisdiction was
not affected by the correctness or incorrectness of the decision
of that question.

### *Original Proceeding in Certiorari.*

Mr. E. T. Wells, Mr. John Charles Thompson
and Mr. John H. Chiles, for relator.

Messrs. Gunnell, Chinn & Miller, Mr. J. C.
Helm, Messrs. Colburn & Dudley and Mr. C. M.
Campbell, for respondent.

Mr. Justice Gabbert delivered the opinion of the
court.

This is an original proceeding in certiorari in-
stituted by relator for the purpose of bringing here
for review the judgment of the court of appeals ren-
dered in the case of *Salomon v. Martin,* 67 Pac. Rep.
25. Relator bases his right to such review upon two
grounds: (1) The court of appeals rendered a judg-
ment in the cause mentioned without its jurisdiction;
(2) that in rendering such decision, it refused to be
guided or controlled by the law applicable to the case
as declared in the previous decisions of this court.
Relator, with others, originally brought an action in
the district court of El Paso county for the purpose
of establishing a vendor's lien upon certain real es-
tate superior to any lien on the same premises of
those against whom the action was commenced. The
trial court held that the parties bringing the action
were not entitled to the lien claimed, and this judg-

ment was affirmed by the court of appeals.   In support of the proposition that the latter court rendered a judgment without its jurisdiction, counsel for relator assert that in the pleadings filed by the parties who commenced the action in the district court, it appears the right to the lien claimed was based upon a contract entered into between the owner of the premises and other parties whereby such owner agreed to sell the premises to those parties; that this contract was treated in the complaint as one of sale, and that the defendants recognized by their pleadings it was of this character.   Among other reasons assigned by the court of appeals why a vendor's lien was not established it appears that court held the contract in question was not one of sale, and hence, it is argued by counsel for relator, the court decided the case upon an issue which was not made, thereby deciding a matter which was not submitted to it, and therefore exceeded its jurisdiction by rendering a judgment not within the issues.   The premise is wrong, and it follows, as of course, that the conclusion deduced from an application of a correct proposition of law is also erroneous.   It is true a court has no power to render a judgment not within the issues.   Whether it has exceeded its authority in this respect is not determinable alone from the controverted or uncontroverted questions of fact which may be involved in any case, but from the object of the action.   There may be many collateral issues involved which go to make up the main issue between the parties, but the determination of these collateral matters, although erroneous, or what matters of this character are involved, is not without the jurisdiction of the court.   If the judgment pronounced is responsive to the relief sought in the action, even though erroneous because some collateral questions were not correctly determined, or is based upon an issue

which, in fact, is not involved, it is not one without the jurisdiction of the court pronouncing it. The real contest between the parties was whether the plaintiffs in error were entitled to a vendor's lien superior to any lien of the defendants in error. In determining this question the vital point may have been whether the contract was or was not one of sale from the owner of the premises to the other parties to this contract. That the court may have held this contract was not one of sale, even though there was no such issue made by the pleadings, was not without its jurisdiction, for this was but a collateral question upon which the right of the respective parties may have depended; and whether this question was correctly or incorrectly decided, or was an issue in the case, was a matter which the court of appeals had jurisdiction to determine, and its authority in this respect was not affected by the correctness or incorrectness of its decision of this question. The ultimate issue between the parties was the right of the plaintiffs in error to a vendor's lien, and when it was decided that they were not entitled to such lien, that was a judgment, even if incorrect, because of an erroneous construction of the contrat upon which it was based, or contrary to that given by the parties themselves, which was within the issues of the case submitted for its determination, and therefore within its jurisdiction. *People v. Court of Appeals,* 27 Colo., 405; *People v. Court of Appeals,* 28 Colo., 442; 65 Pac. Rep. 42.

It is urged that the court of appeals refused to be guided or controlled by the law as laid down in the prior decisions of this court, because in view of the fact that the parties to the action treated the contract as one of sale, the court was bound by that construction. In support of this proposition we are cited to *St. L. & D. L. & M. Co. v. Tierney,* 5 Colo.,

582, in which it is held that where the language used
by parties to a contract is indefinite or ambiguous,
and therefore of doubtful construction, the interpre-
tation by the parties themselves is entitled to great,
if not controlling, influence.   Here, again, the prem-
ise assumed by counsel that the parties to the action
by their pleadings treated this contract as one of sale,
is not borne out by the record.   It is referred to in
the pleadings as one which provided for the payment
of what is designated a ''purchase price,'' to the
owner from the parties with whom he entered into
this agreement, but nowhere in the pleadings, or in
the briefs of counsel was it conceded by the parties
that this contract was one of sale, in the sense that its
purpose was to transfer title to the premises from
the owner to the other parties to it.   It is ap-
parent from the opinion of the court of appeals that
the question of the character of this contract was
carefully considered.   The learned judge who wrote
the opinion, in considering this subject, says, in sub-
stance, it is true that this agreement is styled one to
sell, and mentions the consideration to be paid ''pur-
chase price,'' but an examination of its terms and
conditions, which alone determine its character, con-
clusively discloses that a sale of the real estate from
the owner to the parties with whom he entered into
this agreement was not contemplated, in that he was
to transfer to them the title.   The ownership of
property sold passes from the vendor to the vendee,
but in this contract the intent of the parties was that
the owner should convey to other persons; that the
parties with whom the owner contracted simply ob-
tained the right to control and handle the premises,
and the right to retain a certain percentage of the
net proceeds, accounting for the remainder to the
owner, and said, quoting from the opinion: ''What
the contract calls 'purchase price' was simply the

consideration to be paid by them for the right to control and handle land, and have an interest in the proceeds of sales." The decision of the court, in so far as it was based upon this contract, is well stated in the syllabus to the case, which reads: "Where three persons are jointly and equally interested in the unpaid purchase price of land, one of them cannot claim and enforce a vendor's lien therefor." Whether or not the construction of this contract as given by the court of appeals was correct, or whether the conclusion with respect to the rights of the parties as dependent upon this construction, was correct, is not a matter which we can consider in this proceeding. It was within the authority of the court of appeals to construe this contract, and apply the principles of law which, in its judgment, appeared applicable, and its authority on these subjects was in no manner limited by any admissions of the parties as to what the object of this contract was.

The writ is denied, and proceedings dismissed.

*Writ denied.*

CAMPBELL, C. J., not participating.