[No. 4684.]

THE PEOPLE EX REL. HAGERMAN v. THE COURT OF APPEALS ET AL.

32  147
33  265

1.  Courts—Jurisdiction—Superintending Control—Certiorari.

The supreme court will not exercise the superintending control granted by the constitution by issuing a writ of certiorari to the court of appeals in a case of which that court has jurisdiction, even though it should appear that the court has failed to consider facts which are material to the issue, or has misapprehended the facts and grievously erred in its statement of them.

2.  Same.

Certiorari will not lie from the supreme court to the court of appeals unless the court of appeals is without jurisdiction to render the judgment, or has ignored the decisions of the supreme court involving the same principle.

3.  Life Insurance—Beneficiaries—Assignment—Parties.

A policy of life insurance was made payable to the wife of assured if she should survive him, otherwise to her children. The assured and his wife assigned the policy, and the wife died before the assured. The assignee returned the policy to the company to have it converted to a paid-up policy. The company delivered the policy to the assured. In an action by the assignee against the insurance company the court had jurisdiction to determine the rights of the assignee in the policy and in passing upon such rights to declare that upon the death of the wife of assured her children became the beneficiaries and the assignee's interest terminated although the children were not parties to the action.

4.  Same—Certiorari.

Where a policy of life insurance was payable to the wife of assured if she survived him, otherwise to her children, and the assured and his wife assigned the policy and the wife died before the assured, an opinion of the court of appeals holding that the death of the wife terminated the interest of the assignee and vested the beneficial interest in the policy in the children

of deceased is not in conflict with any opinion of the supreme court so as to justify a review thereof by the supreme court by certiorari.

**5. Same.**

A ruling of the court of appeals that a wife's interest in an insurance policy payable to her if she survived the assured, otherwise to her children, was contingent upon her surviving assured and that her death during the life of assured ended her contingent interest and all rights in the policy became vested in her children, is not in conflict with the opinion of the supreme court holding that a beneficiary acquires upon the issuance and delivery of a policy a vested and irrevocable interest therein so as to justify a writ of certiorari to review such ruling of the court of appeals.

### Petition for Writ of Certiorari.

Mr. THOS. B. STUART and Mr. CHAS. A. MURRAY, for petitioner.

Mr. D. V. BURNS and Mr. WM. R. BARBOUR, for respondents.

*Per Curiam.*—In 1866 the respondent company issued its policy of insurance upon the life of David Heller. The policy contained the following, among other provisions: "This policy of insurance witnesseth that the Mutual Life Insurance Company of New York, in consideration of the representations made to them in the application for this policy, and of the sum of $22.08, to them duly paid by Mrs. Fannie Heller, wife of David Heller, merchant, and of the semi-annual payment of a like amount on or about the seventeenth days of May and November in each year during the continuance of this policy, do assure the life of David Heller of New York, in the County of New York, State of New York, for the sole use of his said wife, in the amount of two thousand dollars, for the term of his natural life.

"And the said company do hereby promise and

agree to pay the amount of said insurance at their office in the City of New York, to the assured for her sole use, if living, in conformity with the statute, and if not living, to her children, or their guardian for their use, in sixty days after due notice and proof of the death of the said party whose death is hereby insured, the balance of the year's premium, if any, being first deducted therefrom."

In the year 1884 David Heller and Fannie Heller, his wife, executed their promissory note, payable to one Body, for six hundred dollars, and as additional security assigned their interest in the policy. The note and policy were assigned in 1887 by Body to Metzler, by Metzler in 1890 to Norman Hagerman, and by Hagerman in 1891 to petitioner. The policy was delivered with each assignment to the assignee and the insurance company duly notified. The company, pursuant to the request of the petitioner, converted it into a paid-up policy for $1,903.00. After the policy was indorsed as a paid-up policy it was delivered by mistake to David Heller. It is admitted that the cash surrender value of the policy in July, 1898 was $810.00. After the delivery of the policy to Heller and in July 1898 the petitioner demanded of the company its return or the payment of $810.00, its surrender value. The company was unable to deliver the policy and refused to pay the sum demanded. Fannie Heller, the beneficiary named in the policy, died in the year 1889, leaving her husband, David Heller, and several children surviving her. In October, 1898, Jennie R. Hagerman brought action against the insurance company in the district court of Arapahoe county alleging the conversion of the policy and demanding judgment for its value. The trial resulted in a judgment in favor of the plaintiff for the value of the policy and provided that the

judgment might be satisfied by the delivery of the policy to the plaintiff. The defendant appealed from the judgment to the court of appeals. That court reversed the judgment of the district court and held that as Jennie R. Hagerman had no substantial interest in the policy in question, she was not damaged by the alleged conversion. Subsequently Mrs. Hagerman filed her petition in this court for a writ of certiorari. The petition, after reciting that petitioner recovered judgment against the insurance company in the district court; that the judgment was reversed by the court of appeals and that the petition for rehearing was overruled, alleges, among other things: (1) "That the court of appeals in arriving at its judgment and decision refused to consider matters pertinent and vital in said controversy." (2) "That the opinion announced is contrary to the law in reference to said matters therein contained, as heretofore laid down by the prior decisions of this court, and also in said court of appeals." (3) "That the court of appeals was without jurisdiction to render the particular judgment announced." (4) "That the judgment of the court of appeals is based upon wholly immaterial facts"; and (5) "That the opinion and judgment of the court of appeals fails to state certain material facts, and that said court has misapprehended the facts and grievously erred in its statement so far as it attempts to give the same."

We shall consider those allegations only which we have numbered 2 and 3, because we have repeatedly held that if the court of appeals has jurisdiction of the case, this court will not exercise the superintending control granted by the constitution, even though it should appear that the decision of the court of appeals is erroneous, or that the facts upon which the decision was based were insufficient in law

to sustain the conclusion of the court, or that such facts were immaterial under the issue made by the pleadings. We do not recall a decision of this court in which it is held that we will refuse to grant the writ where it is alleged in the petition and shown by the record that the court of appeals has failed to consider facts which are alleged to be material to the issue, or where it is alleged that the court has misapprehended the facts and grievously erred in its statement of them; but we now decide that such conditions do not warrant this court in the exercise of the power granted by law; for unless the court of appeals is without jurisdiction to render the judgment, or unless in a clear case it ignores the decision of this court, or unless cases, if any, are presented involving the same principle, *certiorari* will not be granted. —*People v. Court of Appeals*, 28 Colo. 442; *People v. Court of Appeals*, 27 Colo. 405; *People v. Court of Appeals*, 27 Colo. 411.

In holding that Mrs. Hagerman had no interest in the policy of insurance, the court declared that upon the death of Fannie Heller her children became the beneficiaries, and it is urged that the court was without jurisdiction to render judgment in favor of these children because they were not parties to the suit. The specific objection is as follows: "That the said, the Honorable Court of Appeals, had no jurisdiction to consider and determine the questions it has adjudicated in said action, for want of necessary parties. That the entire opinion is based on the supposed rights of the children of Fannie Heller. That in order to have their rights passed upon, the defendant should have made them parties by cross-bill, and caused them to interplead with petitioner. That the matters determined by the court of appeals could only properly be considered upon an *inter plea*. That said children, not being parties thereto, could in no way

be bound by the judgment of the court of appeals. That as such an adjudication could not be binding upon them, neither had it, nor can it legally be made to have, any binding force or effect on your petitioner."

Counsel's position is not tenable. The court had jurisdiction of the appeal—jurisdiction to determine Mrs. Hagerman's right in the subject of litigation, and while the children were not parties to the litigation, and while counsel is correct in stating that they would not be bound by any judgment rendered against them, the court had power, nevertheless, in passing upon the right of Mrs. Hagerman, to declare that upon the death of the wife of the insured her assignee's rights ceased and that her children became the beneficiaries. We cannot say that the court of appeals has ignored the decisions of this court or has refused to be guided by the law as announced by this court. In *People v. Court of Appeals,* in 27 Colo. 411, it is held, that "The supreme court will not, in the exercise of its power of superintending control, review, by *certiorari,* a judgment of the court of appeals in a case in which that court has final appellate jurisdiction, on the ground that the court of appeals in its decision ignored decisions of the supreme court and disregarded the law therein announced, where the opinion of the court of appeals discloses that it did not ignore the decisions of the supreme court, but considered them, and accepted the law as therein laid down as correct and controlling as a general proposition, but decided that in the particular case before the court the peculiar facts and circumstances took the case out of the general rule laid down in the supreme court cases and brought it within certain well recognized exceptions."

The court of appeals in this case did not ignore the decision of this court, but considered such cases

as were called to its attention and determined that they were not in conflict with the other authorities cited in the opinion. Let us examine the cases referred to, for the purpose of ascertaining whether the court of appeals has refused to apply the law as announced by this court. It is said that the court of appeals in holding that Mrs. Hagerman had no substantial interest in the policy, and that the children, upon the death of Mrs. Heller, became the beneficiaries,has enforced the "payable clause" of the policy rather than the "insurance clause" thereof, and that in so doing the court has decided directly contrary to the decision of this court in the case *Scandia Insurance Company v. Johnson*, 22 Colo. 476; but we find nothing in the case cited to conflict with the decision of the court of appeals. The household goods of Mrs. Quigley were insured by the Scandia company, against loss by fire. Attached to the policy was a provision, "Loss, if any, payable to Mrs. H. Johnson, as her interest may appear." The policy contained the usual provisions declaring it void if any change in possession or ownership of the property was made without the consent of the company. Afterwards, without notice of any kind to the company, Mrs. Quigley made an absolute sale of the property to Mrs. Johnson. The property was destroyed by fire, and Mrs. Johnson brought suit upon the policy to recover the value of the goods destroyed. The court held that the effect of the language of the attached provision was merely an appointment of Mrs. Johnson to receive the amount of any loss that might occur; that the contract of insurance was one directly between the company and the mortgagor; that it was the mortgagor's and not the mortgagee's interest that was insured, and that the sale of the property, being in violation of the terms of the policy, invalidated it. This is far from a decision holding

that under provisions such as we have quoted from the Heller policy, an assignment of the policy vests in the assignee the absolute title thereto and authorizes him, during the life of the insured and after the death of the wife, to surrender the policy and collect the cash value; or one holding that the assignee of such a policy, indorsed as being "paid up," takes, after the decease of the wife and during the life of the insured (to the exclusion of the children), the sole title thereto; or one holding that under a policy such as we have before us, the wife is the sole beneficiary. But it is urged that the children of Fannie Heller do not have an insurable interest in the life of David Heller, that stepchildren do not have an insurable interest in the life of their stepfather, and that the policy should be read as though the children had not been mentioned. In the opinion of the court of appeals, it is stated that at the time of the assignment of the policy "David and Fannie Heller had nine children, who still survive." In the petition for *certiorari* it is alleged that there is no allegation in the pleadings nor statement in the evidence that David Heller was the father of any of the said children, and it appears to be assumed because the policy mentions "her children," and there being no proof or allegation on the subject, that the children surviving are the stepchildren of David Heller; and it is insisted that the decision in the case of *Love v. Clune*, 24 Colo. 237, sustains the position of Mrs. Hagerman, and that the court of appeals refused to be guided by the law as announced in that case. We do not so read the case. The case decides that an insurance policy of a benevolent association organized, "To aid and benefit the families of deceased members of the brotherhood in a simple and substantial manner," cannot be changed so as to name a beneficiary "not within the class for whose benefit

the association was organized.'' And in consider-
ing the case presented upon the subject of the right
of the insured to change the beneficiary at will, the
court said: ''We think the greater number and
better reasoned cases favor the rule that in the
absence of any provision upon the subject, the bene-
ficiary named cannot be displaced without his or her
consent.'' The cases approved by the court hold that
the ''beneficiary, upon the issuance and delivery of
the policy, acquires a vested interest that is irrevo-
cable.'' The decision is not in conflict with the deci-
sion of the court of appeals, and that court rightly
read the opinion of this court.

The court of appeals held that the interest of
Mrs. Heller in the policy was contingent upon her
surviving her husband, and that with her death ended
her contingent interest in the policy and all rights
therein became vested in her children. The rule
announced in the case *Love v. Clune* as being sus-
tained by the greater number and better reasoned
cases, that ''a beneficiary acquires upon the issu-
ance and delivery of the policy a vested and irre-
vocable interest therein,'' is not authority for the
position taken by Mrs. Hagerman that stepchildren
have no insurable interest in the life of their step-
father, nor is it contrary to the rule announced by the
court of appeals. The policy in question made Mrs.
Heller the beneficiary in the event that she survived
her husband; if she did not, her children became the
beneficiaries. Our attention has not been called to
any decision of this court which holds that a wife
has such a vested and irrevocable interest in a policy
of insurance, such as was under consideration in the
court of appeals, that the rights of the children there-
in are defeated by an assignment of the wife, although
she does not survive her husband.

Other cases are cited by the petitioner as being

in conflict with the decision of the court of appeals, but we do not so regard them, and we shall not discuss them.

As additional reasons for the issuance of the writ, it is alleged that this is a special case, an extreme case, a case of peculiar facts and law, and one in which great public questions are involved, but we do not so regard it.

The application for *certiorari* is denied.

*Application denied.*