[No. 4785.]

THE PEOPLE EX REL. THE OIL CREEK GOLD MINING COMPANY v. THE COURT OF APPEALS.

| 32 | 355 |
| 33 | 260 |
| 32 | 355 |
| 34 | 293 |

**Certiorari—Jurisdiction—Appellate Practice.**

The supreme court has not jurisdiction to review by certiorari a judgment of the court of appeals based upon the construction of a written contract holding that certain extrinsic matters set up in defense were not admissible to vary the terms of the written contract when the only question is whether or not the court erred in its construction of the contract. Mere error by the court of appeals is not sufficient to invest the supreme court with authority to review its judgment on certiorari.

*Original Proceeding in Certiorari.*

Mr. R. T. McNEAL, for relator.

Mr. STUART D. WALLING, for respondent.

*Per Curiam.*—This proceeding is instituted by relator for the purpose of having this court review the judgment of the court of appeals rendered in the case of *The Oil Creek Gold Mining Company v. Fairbanks, Morse & Company,* 19 Colo. App. —; 74 Pac. 543. From an examination of that case, it appears that Fairbanks, Morse & Company commenced an action in the district court of Arapahoe county against The Oil Creek Gold Mining Company to recover the balance due for a gasoline air compressor sold and delivered to the latter under a written contract, set out *haec verba* in the complaint. The Mining Company answered, averring facts whereby it was sought to establish that the compressor did not fulfill the terms of the guaranty under which it was sold. Judgment was rendered on the pleadings in the trial court in favor of the plaintiff. The defendant appealed to the court of appeals, where the judgment was affirmed.

The court of appeals based its decision upon the proposition that when parties to an agreement have reduced it to writing whereby a contract complete and unambiguous in its terms is evidenced, the law conclusively presumes (in the absence of fraud, accident or mistake) that the writing constitutes the whole engagement between the parties, and that no extrinsic evidence of prior or contemporaneous negotiations between them is admissible to vary or qualify either its terms or legal import. From this statement of the law respecting contracts, the conclusion was reached that the facts pleaded in the answer upon which a breach of the contract was predicated

could not be shown.  It thus appears that the decision of the court of appeals was based upon the construction of the contract, in connection with the defenses interposed; that is to say, the court concluded that the written contract set out in the complaint was complete and unambiguous as to the terms and conditions under which the compressor was sold, and that the imperfections of the compressor, as pleaded in the defenses, related to matters not within the terms and scope of the contract, and therefore could not be shown.  This does not present a question which the supreme court can review on error.  If the decision of the court of appeals is wrong, it is because of error in so construing the contract, in connection with the defense, as to inhibit the defendant from establishing a breach thereof on the facts pleaded, upon which it relied to establish that defense.  Whether or not such construction was correct is not a matter which we can consider in this proceeding, because all that can be claimed on behalf of the relator is, that the court of appeals erred.  Mere error by that tribunal is not sufficient to invest the supreme court with authority to review its judgment on *certiorari*.  *People ex rel. Salomon v. Court of Appeals,* 30 Colo. 8.

The writ is denied and proceeding dismissed.

STEELE, J., not sitting.