Ruggles, O. J.
 

 Neither the commissioners of highways, nor the referees, on appeal from their decision, have power to lay out a road, public or private, through any building, without *the consent of the owner. (1 R. S. 502, § 2, and 513, § 57.) There was a barn standing on the land laid out for the highway in controversy; and unless the owner’s consent was given that the highway should he so laid out, the referees, in laying it out, acted without authority, and their proceedings were void for want of jurisdiction.
 
 (Clarke
 
 v.
 
 Phelps,
 
 4 Cow. 190.)
 

 Inferior magistrates, when required by writ of
 
 certi-orari
 
 to return their proceedings, must show affirmatively that they had authority to act; and where, as in the present case, their authority and jurisdiction depends upon a fact to be proved before themselves, and such fact is disputed, the magistrate must certify the
 
 *524
 
 proofs given in relation to it, for the purpose of enabling the higher court to determine whether the fact he established. The decision of the magistrate in relation to all other facts is final and conclusive, and will not be reviewed on a common-law
 
 certiorari.
 
 But the main object of this writ being to confine the action of inferior officers within the limits of these delegated powers, the reviewing court must necessarily re-examine, if required, the decision of the magistrate on all questions on which his jurisdiction depends, whether of law or of fact. The evidence, therefore, to prove the consent of the owner of the land to the laying out of the road, was properly stated in the return, and is properly examinable here. „
 

 When the application for the highway was made by Adrianee, Van Dyne was the owner of the land; he expressed, verbally, to the commissioners, his consent that they should lay it out; they decided, however, against the application, and refused to lay it out. This decision was made on the 27th of January 1849; on the 4th of February, Adrianee appealed to the county judge. On the 20th March, Van Dyne sold and conveyed the land to Bodine, the relator, who had opposed the laying out of the road from the beginning, and continued to oppose it upon the appeal, until it was finally laid out. The referees were appointed on the 3d of April, and they laid out the road on the 5th of May. There is no evidence that Van *Dyne ever expressed any assent to the laying out of the road, after the appeal taken by Adrianee, and before he sold the land to Bodine. He did pot sign the application for the road, nor give his consent in writing, in any way whatever, unless in “marking down two dollars towards the expenses of the appeal;” and whether this was before or after he conveyed the land to Bodine, does not appear.
 

 On these facts, two questions suggest themselves: that is to say, first, how far Van Dyne’s consent by parol
 
 *525
 
 bound him; and' secondly, how far it bound Bodine, to whom he conveyed the land.
 

 The statute of frauds, which declares that no estate or interest in the lands shall be granted, except by a deed or conveyance in writing, has no application to the case. The 57th section of the highway act requires only the consent of the owner of the land to authorize the commissioners to act; and this consent is not, in terms, required to be in writing. But it would, nevertheless, be unsafe to say, that a mere verbal consent should bind the owner of the land for an indefinite period of time; and still more unsafe to say, that his grantee should be bound to the same extent. I think, there is proof that Van Dyne’s consent was given to the commissioners; and if they had acted on the faith of it, by laying out the highway, he would have been estopped from denying the legality of the act. But they refused to lay it out; and from that time, if his consent was of any force, it was, at least/revocable, and the sale of his land revoked it.
 

 The appeal was taken before he conveyed the land to Bodine; but the appeal in a case of this kind is not like an appeal which takes a suit from one court to another, and is heard on the evidence given in the court below. An appeal- under the highway act is not heard and decided on the facts existing at the time of the original application for the road, but on the facts existing at the time of the hearing before the referees; in this respect, it is in the nature of a new proceeding. The consent necessary to the power of laying out the road, must be the consent- of -the *owner, at the time of the decision by the referees, or such a consent of the previous owner as binds •his successor in the title; Van Dyné’s consent was not of that character, A fraudulent transfer of the title, for the purpose of getting rid of the consent, might be disregarded; but this was an actual sale by Van Dyne, for a fair and full con
 
 *526
 
 sideration, and bis yerbal consent cannot, therefore, bind his successor; it does not ran with the land.
 

 I am, therefore, of opinion, that there was no valid consent by the owner of the land, within the meaning of the statute, to authorize the laying out of the road by the referees. Their decision was rightly reversed, and the judgment of the supreme court should be affirmed.
 

 Judgment affirmed.