[No. 128. First Appellate District.—August 12, 1905.]

## MARGARET McKENZIE, Respondent, v. BOARD OF EDUCATION, etc., et al., Appellants.

CERTIORARI—LIMITATIONS OF WRIT.—The writ of *certiorari* only goes to the question of jurisdiction or authority of an inferior tribunal, board, or officer exercising judicial functions where there is no other adequate remedy. It is not a writ of error, nor can it be used to determine the sufficiency of evidence to sustain a decision complained of if made within the limits of jurisdiction.

SCHOOL LAW—SAN FRANCISCO CHARTER—POWER OF BOARD OF EDUCATION TO DETERMINE CHARGES AGAINST TEACHER.—The board of education of the city and county of San Francisco has power to hear and determine charges made in writing by citizens against a teacher employed by the board, notwithstanding the provision in the charter that the superintendent must prefer charges after investigation. The charter is controlled by the general school law in so far as they are inconsistent; but the general power given by the charter to the board of education to investigate charges is in harmony with the school law, and is broad enough to include any charges for which a teacher may be removed.

ID.—SUPERINTENDENT A COUNTY OFFICER—DUTIES NOT FIXED BY CHARTER.—The superintendent of schools of the city and county of San Francisco is a county officer whose duties are prescribed by section 1543 of the Political Code, and the charter of the city and county cannot impose duties upon him as such county officer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney, for Appellants.

S. V. Costello, and Campbell, Metson & Campbell, for Respondent.

COOPER, J.—This was an application by respondent as petitioner to the superior court for a writ of *certiorari*, for the purpose of vacating and annulling an order or resolution made by defendants in their official capacity as the board of education of the city and county of San Francisco, dismissing the petitioner from her position as teacher in the school

department of the public schools of said city and county. The appellants, having made a return to the writ setting forth the procedings in full, the court, upon motion of petitioner, made an order granting the writ as prayed, and judgment was accordingly entered. This appeal is from the judgment.

The writ of *certiorari* will only be granted when an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal nor, in the judgment of the court, any plain, speedy, and adequate remedy. It cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer. It is not a writ of error. Its purpose is not to consider errors or irregularities committed in the exercise of an admitted jurisdiction, nor to correct mistakes of law in conducting a proceeding of which the inferior tribunal, board, or officer had jurisdiction. Nor can it be used for the purpose of determining whether or not the evidence was sufficient to support the particular order, resolution or matter complained of, provided the law and the machinery employed were such as to give the inferior tribunal jurisdiction.

In this case the defendants as a board of education heard and determined charges against the petitioner in regard to her unfitness to teach. They had jurisdiction to hear and determine said charges if properly made (Pol. Code, secs. 1791, 1793; *Kennedy* v. *Board of Education,* 82 Cal. 490, [22 Pac. 1042].) This is not controverted by respondent, but it is claimed that the board of education never acquired jurisdiction because the method provided by the charter of the city and county of San Francisco as to making the charges is the only method provided and the source of the power of the board to act, and that the charges were not made as provided by the charter. If the charter of the city and county of San Francisco were the only law upon the question, there would be much force in respondent's contention. The legislature, under the constitution, has provided a general system in regard to the common schools, and prescribed the duties of boards of education in counties and cities and counties of the state. The general laws passed by the legislature are paramount, and in case any provision of the charter of any city

conflicts with the general laws as to matters pertaining to the public schools, the charter must give way to the general law. But the charter of a city or city and county may make additional provisions, or provide for matters not enumerated in the general law, provided such provisions are not in conflict with the general law. (*Kennedy* v. *Miller*, 97 Cal. 434, [32 Pac. 558].) It is the duty of the court in all cases to consider the different provisions of the charter of a city or city and county and the general law, so as to make them harmonize, if possible, and give effect to each if it can be done. We find no difficulty in this case in so harmonizing them, and holding that the board of education had jurisdiction upon the written charges made by citizens.

The laws of the state provide that boards of education may dismiss teachers for insubordination, immoral or unprofessional conduct, profanity, or evident unfitness to teach. (Pol. Code, secs. 1791, 1793.) The charter of the city and county of San Francisco provides (art. VII, chap. 3, secs. 1-5): "In addition to the powers conferred by the general laws of the state, the board of education shall have power . . . to promote, transfer and dismiss teachers; but no teacher in the department at the time of the adoption of this charter, or who shall be hereafter appointed, shall be dismissed by the department except for insubordination, immoral or unprofessional conduct, or evident unfitness for teaching. . . . Nothing in this section shall be construed to prevent the board from removing teachers holding only special certificates or serving a probationary term. Charges against teachers must be formally made by the superintendent after due investigation, and shall be finally passed upon by the board after giving the accused teacher due hearing. . . . To investigate charges against any person connected with or in the employ of the school department, and to take testimony in such investigations."

While the above-quoted provisions attempt to make it the duty of the superintendent to make formal charges against teachers, they do not make it essential that the board of education investigate *only* in cases where the superintendent makes the charges. The board is not prohibited from acting in cases where no formal charges are made by the superintendent. On the other hand, it is expressly stated that these

powers conferred on the board of education are "in addition to the powers conferred by the general laws of the state." And after the use of the clause attempting to make it the duty of the superintendent to make formal charges, in subdivision 5 of section 1 of the chapter of the charter pertaining to the matter, the board is given power "To investigate charges against any person connected with or in the employ of the school department, and to take testimony in such investigations."

This does not confine the board to charges made by the superintendent, but is broad enough to include any charges for which a teacher may be removed.

The superintendent might decline to make the formal charges, but that does not deprive the board of the power of investigating charges made by some one else. Such was not the intent of the framers of the charter. If such were the law it might, in many cases, leave the board powerless to remove a teacher for immorality, intemperance, or any other cause. The superintendent might, through favoritism or corrupt influences, refuse to make any formal charges, and, according to petitioner's contention, the board would be powerless. Not only this, but the superintendent of schools is a county officer. The charter of the city cannot impose duties upon him as such county officer. His duties are prescribed by section 1543 of the Political Code, and we look in vain in that section for any language making it his duty to prefer charges against teachers. Counsel for petitioner claims that the duty is included in the words "To superintend the schools of the county." To superintend the schools does not mean "to make charges against teachers" any more than it could be held to mean that the superintendent should prosecute all teachers or pupils in his county for violation of the criminal laws.

As our conclusion is that the board of education did not exceed its jurisdiction, this inquiry need go no further.

The judgment is reversed, and the trial court directed to dismiss the petition.

Harrison, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 11, 1905, and a peti-

tion to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 11, 1905.