[No. 8134.]

THOMPSON V. STATE BOARD OF MEDICAL EXAMINERS ET ALS.

1. STATE MEDICAL BOARD—*Hearings—Evidence.* . There is no statutory requirement that in proceedings before the State Medical Board, under Rev. Stat., sec. 6068, the evidence shall be preserved; and one who neither asks that it be preserved by the board, or that he be permitted to preserve it, is in no position to urge, on certiorari brought, an abuse of discretion. (557.)

2. —— *Authority to Revoke Physician's License.* Under Rev. Stat., sec. 6068, the board are authorized to revoke the license of a physician for an offense denounced by the statute. (555.)

3. CERTIORARI—*Scope of the Writ.* Where there is filed with the State Medical Board a sworn complaint charging a physician with one of the offenses denounced by the statute (Rev. Stat., sec. 6068), the board have at once jurisdiction of the subject matter, and where the accused person appears and contests the complaint on its merits, this gives jurisdiction of the person. On certiorari to review the proceedings the court will not go beyond this, and inquire as to the sufficiency of the evidence, or whether the board reached a correct conclusion therefrom. (555, 556.)

And where the evidence is not returned it is impossible to inquire into a suggested abuse of discretion. (557.)

*Error to Denver District Court.* Hon. JOHN A. PERRY, Judge.

Mr. JOHN HORNE CHILES, for plaintiff in error.

Hon. FRED FARRER, attorney general, Mr. HARRY E. KELLY, Mr. CHARLES H. HAINES, for defendants in error.

BAILEY, J., delivered the opinion of the court.

Plaintiff in error, J. E. Thompson, filed petition in the District Court, against the State Board of Medical Examiners and the individual members thereof, defendants in error, for a writ of certiorari, bringing up proceedings of the board revoking his license to practice medicine, because of the alleged procurement of a criminal abortion by him upon the person of one Pearl Kilday, on or about the 18th day of January, 1912, according to findings of the board. Upon the writ the court examined the proceedings, confirmed the action taken, and dismissed the writ. Petitioner brings the matter here, alleging error in the judgment of the court.

It appears that on June 1st, 1901, petitioner was duly licensed to practice medicine in this state; that in March, 1912, he received notice from the Secretary of the Colorado State Board of Medical Examiners to appear before it at a day named therein, pursuant to sworn complaint made by one John P. Maxwell, copy of which was then and there served upon him, charging the commission of the offense above indicated, to show cause why his license should not be

revoked; that he appeared and participated in the hearing in person and by counsel; that a number of witnesses were examined by the board, some of whom were cross-examined by counsel for petitioners; that he offered in evidence for his defense an excerpt from Gray's Anatomy, and a report of the autopsy held by the coroner upon the body of the woman, some time after interment; that the board, after due consideration, adopted a finding that he was guilty as charged, and revoked his license.

The following is a full copy of the minutes showing the proceedings of the board with reference to the hearing upon and disposition of the complaint against him:

"The matter of the complaint of John P. Maxwell against Dr. J. E. Thompson and Dr. Bennett Graff for the revocation of the licenses of the respondents upon the charge of producing a criminal abortion on one Pearl Kilday, was next called and answered by the respondents in person, and Norris C. Sprigg, attorney for Thompson, and E. D. Smith, attorney for respondent Graff. The following witnesses were examined under oath: Respondent Thompson, respondent Graff, Dr. F. M. McCartney, Dr. T. J. Carlin, Dr. Paull S. Hunter, Dr. F. E. McCurtain, Dr. W. C. K. Berlin and Dr. Sherman Williams. The attorneys for both these respondents participated in the cross examination of these witnesses. Mr. Sprigg on behalf of Thompson offered in evidence a portion of the coroner's report upon the *post mortem* examination held on the body of said Pearl Kilday, and an excerpt from Gray's Anatomy. Opportunity was given to both respondents to present any further evidence in their defense, which they declined to do. After argument by the attorneys for the respondents the board went into executive session and discussed the testimony at length. After a full discussion the following resolution was offered and unanimously adopted, to-wit:

Resolved, that this Board finds from the evidence produced before it at this meeting that Dr. J. E. Thompson did

on or about the 18th day of January, 1912, procure a criminal abortion upon the person of one Pearl Kilday, within the City and County of Denver, State of Colorado. Be it further resolved, that for and on account of the matters aforesaid the license of the said Dr. J. E. Thompson, to practice medicine within the State of Colorado, be and the same is hereby annulled and revoked, and that the name of the said Thompson be removed from the records in the office of the recorder of deeds within the City and County of Denver, and that the Secretary-Treasurer of this Board be and is hereby instructed to notify the said Thompson, and the recorder of deeds in the City and County of Denver, of the action herein taken."

In response to the writ of certiorari the defendants in error filed return on April 22nd, 1912. This return includes a complete transcript of the record of the Medical Board, including a copy of the complaint and the matter above set forth. A hearing was had upon the writ and return in the District Court, and the court on April 1st, 1913, entered an order dismissing and discharging it. The judge, in entering the order of dismissal, said in part:

"The matter comes up to this court upon writ of certiorari. The writ is provided for in the code. Under the writ the court may examine two matters; first, as to whether or not the lower tribunal had jurisdiction of the subject matter and of the person of the petitioner; and second, whether, having jurisdiction of both these matters, it has abused its discretion.

There is no question as to the matter of jurisdiction in the opinion of the court. Some states require that the evidence be sent up with the return; other states make no such requirement, and I understand no such requirement is made in the State of Colorado. It appears that in this case the petitioner was duly served and appeared and presented evidence on his own behalf, and evidence on the behalf of re-

spondent was presented; that the petitioner appeared by his counsel and cross-examined witnesses.

I understand that I have no right to pass upon the merits of the case or the sufficiency of the evidence. From the return it appears to me that the petitioner had a fair trial and that the action of the board should be confirmed and the writ of certiorari dismissed and discharged."

From the foregoing it will be seen that the only question presented is one of procedure involving the scope of review by certiorari. Section 6068, Revised Statutes, 1908, for consideration, is as follows:

"The state board of medical examiners may refuse to grant, or may revoke, a license to practice medicine in this state, or may cause a licentiate's name to be removed from the record in the office of any recorder of deeds in the state upon any of the following grounds, to-wit: * * * the procuring or aiding or abetting in procuring a criminal abortion; * * *. Any person, who is a licentiate, or who is an applicant for a license to practice medicine, against whom any of the foregoing grounds for revoking, or refusing to grant, a license is presented to said board with a view of having the board revoke, or refuse to grant, a license, shall be furnished with a copy of the complaint, and shall have a hearing before said board in person or by attorney, and witnesses may be examined by said board respecting the guilt or innocence of said accused. * * * "

Section 331 of the Code of Civil Procedure, 1908, provides that the writ of certiorari "shall be granted in all cases where an inferior tribunal, board or officer exercising judicial functions, has exceeded the jurisdiction or greatly abused the discretion of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy," and by section 337 thereof it is provided that the review upon the writ shall not be extended further than to determine whether the in-

ferior tribunal, board or officer has regularly pursued its authority.

Petitioner admits that, if proper steps had been taken and the evidence justified it, the respondent board had the power to revoke his license, and that such action would have been final; but contends that this record shows no more than the making of a complaint to, and rendition of judgment by, the board, an insufficient showing, it is claimed, of jurisdiction to warrant the action taken. While it may be that these two facts alone are insufficient to show jurisdiction in this kind of a proceeding, the assumption that they are all that the record discloses is conclusively refuted by the record itself. The resolution contained in the minutes of the board recites a hearing upon the complaint, at the time and place named in the notice thereof, in the presence of petitioner and his counsel, examination under oath of several wit- nesses named, and cross-examination by attorney for petitioner, introduction by petitioner of report of *post mortem* examination held upon the body and an excerpt from Gray's Anatomy in his defense, and a finding upon the evidence adduced that petitioner had procured a criminal abortion as stated in the complaint and that his license be revoked. No objection to the jurisdiction of the board was interposed at the hearing. The testimony taken was not preserved, and there is no requirement under the law of this state that it shall be done.

Counsel for the petitioner ask the court to examine the evidence to determine whether the board had jurisdiction, contending that the only ground upon which his license could have been revoked was that he had procured a criminal abortion, and that there being insufficient testimony to prove that fact, there was a lack of power to hear and determine. The rule announced by the authorities cited, that review by certiorari may be extended to every issue of law and fact involved in the question of jurisdiction, and that not only the record, but the evidence itself must be returned when neces-

sary to a determination of that question, has no bearing upon this controversy. The question of fact concerning which the rule is invoked in this case has to do only with the guilt or innocence of the petitioner, going solely to the merits, and is in no sense a jurisdictional question. The board is by statute invested with power to revoke a physician's license for the act of which petitioner was found guilty, and where a sworn complaint is filed with it charging such offense, that gives the board jurisdiction of the subject matter, and when the person against whom the charge is made appears in person and by attorney and contests the proceeding on its merits, that gives the board jurisdiction of the person. The record proper before the Board of Medical Examiners, as disclosed by its return to the writ, shows affirmatively full and unquestioned jurisdiction both of the subject matter and of the person. A tribunal has jurisdiction of a controversy whenever the law requires it to pass upon the questions of law and of fact involved. Under the statute the duty rested upon the board, after it had received the evidence as to the guilt or innocence of the petitioner in respect to the offense charged, to decide whether or not it was sufficient to convict. It may be that the board erred in its decision upon that question, but that is a matter which goes exclusively to the merits of the case and does not bear in the slightest degree upon the question of jurisdiction.

Where, therefore, as in this case, the record proper shows jurisdiction in the inferior tribunal, the authorities are practically unanimous that upon certiorari the inquiry cannot be extended to a review upon the merits, but that upon every question except the one of power or jurisdiction, the action of the inferior tribunal is final and conclusive. In *Whitney v. Board of Delegates S. F. F. D.*, 14 Cal. 479, at page 500, it is said:

"We think it is well settled that a common law certiorari tries nothing but the jurisdiction, and, incidentally, the regularity of the proceedings upon which the jurisdiction

depends. It brings up no issue of law or fact not involved in the question of jurisdiction. Under no circumstances can the review be extended to the merits. Upon every question, except the mere question of power, the action of the inferior tribunal is final and conclusive."

The following is stated in *People ex rel. v. Board of Metropolitan Police,* 15 Abbott's Practice Rep. (N. Y.), page 167:

"The sufficiency of the evidence to sustain the charge is not open to question and examination in this proceeding. The office of a common-law certiorari is to bring up the record from the inferior tribunal. And if it appears to have had jurisdiction, this court will not examine the evidence for the purpose of reviewing the decision upon the merits. (*Carter v. Newbold,* 7 How. Pr. 166; *People v. Goodwin,* 5 N. Y. 568; *People v. Van Alstyne,* 32 Barb. 131). Where the jurisdiction depends upon evidence to be taken before the inferior tribunal, this court upon certiorari will examine such evidence, in order to determine the question of jurisdiction, but for no other purpose."

And in *McKenzie v. Board of Education,* 1 Cal. App. 406, 82 Pac. 392, the court said:

"The writ of certiorari will only be granted when an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal nor, in the judgment of the court, any plain, speedy, and adequate remedy. It cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer. It is not a writ of error. Its purpose is not to consider errors or irregularities committed in the exercise of an admitted jurisdiction, nor to correct mistakes of law in conducting a proceeding of which the inferior tribunal, board, or officer had jurisdiction. Nor can it be used for the purpose of determining whether or not the evidence was sufficient to support the particular or-

der, resolution or matter complained of, provided the law and the machinery employed were such as to give the inferior tribunal jurisdiction."

Where the law does not require the inferior tribunal to preserve the evidence taken before it, upon which it bases its action, such evidence does not become a part of the record to be certified up to the reviewing court on certiorari, and the findings of the tribunal based upon such evidence cannot be reviewed. Upon this proposition, in 4 Ency. Pl. & Pr., at page 261, it is said:

"Since the return to the writ contains nothing but the record properly so called, and does not bring up the evidence; and since, unless authorized by statute, the evidence is not preserved by a state of the case, bills of exceptions, or otherwise, the court of necessity cannot review the sufficiency of the evidence upon which the inferior tribunal based its action."

Contention is made and argument indulged to the effect that the board greatly abused its discretion in revoking the license. Assuming for the purpose of this opinion, but not deciding, that this question is one which in a proper case might rightfully be urged, in the absence of the evidence which the board had before it we are unable to see how that matter can be here considered or intelligently discussed, much less determined. There was no legal duty upon the board to preserve the evidence offered at the hearing, and there is nothing in the record to indicate that petitioner asked to have it preserved, or requested an opportunity to preserve it himself. Under such circumstances he plainly is in no position to urge a reversal of the judgment of the court upon the ground of abuse of discretion, as there is absolutely nothing here upon which the court could predicate such action.

*Judgment affirmed.*

GABBERT, C. J., and WHITE, J., concur.