## No. 9958.

## DILLIARD *v.* THE STATE BOARD OF MEDICAL EXAMINERS.

Decided February 7, 1921.   Rehearing denied April 4, 1921.

Proceeding to revoke license to practice medicine. License revoked by state medical board, and action sustained by district court.

### Affirmed.

1. CERTIORARI—*District Court—Medical Board.* The district court has no power on certiorari, to review the action of the state board of medical examiners in revoking the license of a physician, except for excess of jurisdiction, or abuse of discretion.

2. LEGISLATION—*Physicians and Surgeons.* It is essential that a licensed physician be possessed of professional honor, and the legislature has power to provide for the revocation of a license to practice medicine for unprofessional or dishonorable conduct, though the physician is not shown to be immoral.

3. PHYSICIANS AND SURGEONS—*Statute Construed.* The words "immoral, unprofessional or dishonorable," as used in sec. 11, chap. 94, S. L. 1917, p. 359, concerning the practice of medicine, are sufficiently definite and certain, and the state board of medical examiners has jurisdiction to determine what constitutes unprofessional and dishonorable conduct and to revoke a physician's license on account of such conduct.

4. APPEAL AND ERROR—*Certiorari.* In a review on certiorari, the reviewing court may consider the evidence introduced before the trial tribunal for the purpose only of determining the questions of jurisdiction or abuse of discretion, in the revocation of a license to practice medicine.

*Error to the District Court of the City and County of Denver, Hon. Greeley W. Whitford, Judge.*

Messrs. MELVILLE, MELVILLE & WALTON, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES H. HAINES, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Medical Board revoked Dilliard's license to practice medicine; he obtained a writ of certiorari from the District Court and that court affirmed the judgment of the board. Dilliard brings error.

The charge on which the revocation was based was that "Respondent was guilty of unprofessional and dishonorable conduct * * * in that he held out to said Mrs. O. H. Barber that one Charles West * * * was a trained and skilled physician and surgeon and licensed to practice medicine and surgery * * * and caused her to submit to treatment by the said Charles West, * * * whereas West was not a physician and not licensed to practice."

The act under which the proceeding was taken provides for revocation for various reasons, among others for "immoral, unprofessional or dishonorable conduct."

The District Court had no power to review the action of the board except for excess of jurisdiction or abuse of discretion. Code 1908, § 331; S. L. 1917, p. 361, § 11 *ad fin.; Morefield v. Koehn,* 53 Colo. 367, 368, 127 Pac. 234; *Thompson v. State Board,* 59 Colo. 549, 552, 151 Pac. 436.

That the board had jurisdiction of the subject matter of the present case and of the person of the plaintiff in error cannot be questioned. *Thompson v. State Board, supra; Chenoweth v. State Board,* 57 Colo. 74, 141 Pac. 132, 51 L. R. A. (N. S.) 958, Ann. Cas. 1915D, 1188.

The plaintiff in error urges, however, that the legislature has no power to provide for revocation of a license for conduct that is unprofessional or dishonorable unless it is also immoral, and that in charging and convicting Dr. Dilliard with unprofessional and dishonorable conduct only, they therefore were exercising rights which the law could not give them and hence were acting without or in excess of jurisdiction.

We do not think this position is tenable. To say that the legislature cannot constitutionally provide for the revocation of a physician's license for unprofessional or dishonorable conduct involves the premise that he has a constitu-

tional right to practice unprofessionally and dishonorably. It is essential that a licensed physician be possessed of professional honor. *Chenoweth v. State Board, supra.*

Counsels' most earnest argument, however, is that the expression "unprofessional" is too indefinite and uncertain, that it should be defined by statute, that its definition cannot be delegated to a commission, and so, since the clause "immoral, unprofessional or dishonorable" is in the disjunctive, it is void; and he cites cases which go far enough to support him in his claim. *Ex parte McNulty,* 77 Cal. 170, 19 Pac. 237, 11 Am. St. Rep. 257; *Czarra v. Med. Supervisors,* 25 App. D. C. 443.

With these cases we do not agree, but we agree rather with *State v. State Board,* 34 Minn. 387, 391, 26 N. W. 123, 125; 26 N. W. 123; *State v. State Board,* 32 Minn. 324, 20 N. W. 238, 50 Am. Rep. 575; *Meffert v. State Board,* 66 Kan. 710, 1 L. R. A. (N. S.) 811, 72 Pac. 247, aff. 195 U. S. 625, 25 Sup. Ct. 790, 49 L. Ed. 350; *State Board of Health v. Roy,* 22 R. I. 538, 48 Atl. 802.

The case of the *School of Magnetic Healing v. McAnnulty,* 187 U. S. 94, 23 Sup. Ct. 33, 47 L. Ed. 90, does not reach the point.

It would be hardly consistent or reasonable for this court to say that the terms "unprofessional or dishonorable" were too indefinite to justify the revocation of the license of a physician while we disbar attorneys under R. S. 1908, Sec. 239, for "malconduct in office."

See *Sears-Roebuck & Co. v. Fed. Trade Com.,* 258 Fed. 307, 169 C. C. A. 323, 6 A. L. R. 358, and *National Harness etc., Association v. Fed. Trade Com.,* 268 Fed. 705; decided in December, 1920, U. S. C. C. A., 6th Circuit; *Union Bridge Co. v. U. S.,* 204 U. S. 364, 27 Sup. Ct. 367, 51 L. Ed. 523.

It is intimated in *Fed. Trade Com. v. Gratz,* 253 U. S. 421, 40 Sup. Ct. 572, 575, 64 L. Ed. 993, that any objection that the power to determine what constitutes "unfair competition" cannot be delegated to a commission is overcome by the fact that the courts have ultimate power to decide that

question. So here, although the medical board has power to decide in the first instance what constitutes unprofessional conduct, yet if it abuses that power, as counsel fears it will, the courts may review its decision and reverse it.

We must conclude that the words "immoral, unprofessional or dishonorable" are sufficiently definite and that the board has jurisdiction to determine what constitutes unprofessional and dishonorable conduct, and to revoke a license on account of such conduct.

Did the board abuse its discretion?

We do not think so. The evidence tends to show that Dr. Dilliard did what he was accused of, and we cannot consider whether it is sufficient. We can, however, if we are right in the former part of this opinion, determine whether to hold such conduct to be unprofessional and dishonorable is an abuse of discretion. It is evident that it is not. Can there be any doubt that it is an offense against which the public should be protected, and not a mere breach of professional ethics, (*State v. State Board, supra; Chenowith v. State Bd., supra*) to deceive a patient into submission to treatment by one not a physician, by representing him to be such?

It must follow from what has been said of the power of the court to consider abuse of discretion, that it must in some cases consider the evidence in order to determine whether the facts shown come within the proper definition of that term as used in the statute, and consequently, the board, when requested by the respondent, ought, we think, to permit and facilitate the taking of the testimony in shorthand and its incorporation into the record.

In this case we have considered the testimony laid before us as if that had been done.

The judgment of the District Court should be affirmed.

MR. JUSTICE WHITFORD not participating.

*On Motion to Modify Opinion and Motion for Rehearing.*

The defendant in error moves to modify the opinion; to

eliminate that portion which suggests review of evidence for abuse of discretion, on the ground that the opinion in this respect is contrary to the well-established law on this subject.

We do not think the position of defendant in error is tenable. Most of the cases he cites were carefully considered before the opinion was written. They are to the effect that the court cannot review the evidence to determine its weight or sufficiency but nowhere is it held that the courts cannot determine from the evidence whether the board has kept within its jurisdiction or abused its discretion. Abuse of discretion stands on the same footing as want of jurisdiction, and we have held that to determine the latter courts may review the evidence, *Thompson v. State Board, supra.* See also *People v. Goodwin,* 5 N. Y. 568.

Code 1908, § 331, was originally the same as that in the old California Practice Act, and did not contain the clause "or greatly abused the discretion" which it now contains. Both before and after the enactment of our code the California Supreme Court construed that act and held that "no act * * * within its jurisdiction can ever be the subject of attack by certiorari. *Buckley v. Superior Court,* 96 Cal. 119, 31 Pac. 8. So, under our code, no act of any tribunal, within its jurisdiction and not greatly abusive of its discretion, however erroneous it may be, can be reversed upon certiorari. Courts can consider the evidence for no purpose except to see whether the board exceeded its jurisdiction or abused its discretion. *People v. Court of Appeals,* 32 Colo. 355, 75 Pac. 921. They may look at the evidence to see whether the facts proved come within the terms of the act, because otherwise they sometimes could not tell whether the court had jurisdiction or had abused discretion, but they can go no further.

An instance of the proper use of evidence in such case appears in *People v. Goodwin, supra.*

Upon motion for rehearing the principal point, which is urged with great force and skill, is that there is no legal evidence that the respondent did the thing charged, and

that even under Code 1908, Sec. 331, the District Court may review the board's action in such case.

Whatever may be the powers of a district court under such circumstances, in this case we think there was legal evidence to the point, and that therefore that court could not review the board's action as to respondent's guilt.

Motion to modify. opinion and motion for rehearing denied.