No. 21979.

THOMAS C. CARDAMON, O.D. *v.* THE STATE BOARD OF OPTOMETRIC EXAMINERS OF THE STATE OF COLORADO.
(441 P.2d 25)

Decided May 6, 1968.     Rehearing denied June 10, 1968.

Don B. Oliver, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, William E. Tucker, Assistant, Clifton A. Flowers, Special Assistant, for defendant in error.

*En Banc.*

Mr. Chief Justice Moore delivered the opinion of the Court.

The State Board of Optometric Examiners of the State of Colorado, hereinafter referred to as the Board, is authorized under the provisions of C.R.S. 1963, 102-1-7, to issue licenses to persons qualified to practice optometry and is also empowered by subsection (3) thereof, to

" * * * revoke, suspend, deny, issue, reissue, or reinstate licenses granted under the authority of this article or previous laws of this state."

Hearings concerning revocation are to be conducted pursuant to C.R.S. 1963, 3-16-1 to 3-16-6. The statute (102-1-16(1)(j)) provides revocation of a license may be

ordered for: "Immoral, unprofessional, or dishonorable conduct. * * *."

A complaint was filed before the Board against plaintiff in error, a licensed optometrist, in which it was asserted that he had been guilty of conduct prohibited by the section last above mentioned. The complaint was made by the mother of a fourteen-year-old girl and related to the manner in which the child was treated by plaintiff in error while having her eyes examined for a fitting of glasses. The girl was taken into an examination room while her mother remained outside. Plaintiff in error, pretending that there was some clinical purpose to be served in so doing, required the child to expose herself to the waist and, as found by the Board, "Respondent thereupon pulled down [the girl's] brassiere and looked at her breasts with a light, * * *."

Plaintiff in error offered no testimony before the Board in justification of the conduct attributed to him by the girl, her mother, officers who questioned him, and by Dr. Hedlund. At the conclusion of the hearing his license was revoked and the Board's order was thereafter upheld by the district court.

■ As grounds for reversal it is argued that the Attorney General who attended the hearing and questioned the witnesses called in support of the complaint, illegally suggested to the chairman of the commission that certain objections made by counsel for plaintiff in error should either be overruled or sustained, and that the recommendations were uniformly adopted by the commission. It is sufficient to say in this connection that we are concerned only with the question of whether the rulings relating to admission or rejection of evidence were proper. We find no error in connection therewith.

■ It is also argued that:

"II. The declaration of a penalty in suspending the license of an optometrist for alleged 'immoral, unpro-

fessional and dishonorable conduct,' based upon the evidence and the record, is so grossly excessive and unconscionable as to make it repugnant to every sense of justice, and the alleged violation charged is so indefinite and uncertain as to violate Cardamon's constitutional right to be fully apprised of the charge against him."

The contention of counsel for plaintiff in error that the terms, "immoral," "unprofessional," and "dishonorable" as used in the statute describing conduct warranting revocation of a license, are so vague and indefinite as to unconstitutionally deprive the holder of a license of his right to be fully apprised of charges against him. There is no merit to this argument. *Dilliard v. State Board of Medical Examiners,* 69 Colo. 575, 196 P. 866; *Sapero v. State Board of Medical Examiners,* 90 Colo. 568, 11 P.2d 555.

With reference to the argument that the order of revocation inflicts a penalty "so grossly excessive and unconscionable as to make it repugnant to every sense of justice," it is sufficient to say that the Board has discretion in such matters, and we cannot say as a matter of law that there was an abuse of discretion on its part in revoking the license under the uncontradicted evidence disclosed by the record before us.

The judgment is affirmed.