## No. 22961.

GEORGE C. STEVENS *v*. STATE CIVIL SERVICE COMMISSION AND CY J. BURRESS, JR., AND WILLIAM R. WELSH, JR., AND R. Y. (DICK) BATTERTON, MEMBERS THEREOF.
(474 P.2d 156)

Decided September 8, 1970.

HENRY AND KEATING, HUBERT D. HENRY, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, ROBERT L. HOECKER, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFF in error, the plaintiff below, will be referred to as Stevens or Plaintiff. Defendant in error, the defendant below, will be referred to as the Commission. Stevens was employed by the State of Colorado in a supervisory position in the classified service. In April of 1963, charges were brought by the State Personnel Director of the Civil Service Commission on the basis of complaints made to him by employees against Stevens. A hearing was held before the Commission, the result being that Stevens was dismissed from his supervisory position and ordered installed in a lower job. The district court after remanding the case for additional proceedings before

the Commission, affirmed the Commission's ruling. We agree.

Numerous points of error were raised by Plaintiff, but they are resolved by the consideration of one issue, namely, whether each of the findings of the Commission was supported at the hearing by *any* competent evidence. It should be noted that this was the same question of law before the district court.

 In reviewing findings made by the Civil Service Commission in carrying out its duties, we may not substitute our judgment for that of the Commission. The rule we follow is that any finding of fact will be upheld if it is supported by *any* competent evidence in the record. *Civil Service Commission v. Hazlett,* 119 Colo. 173, 201 P.2d 616, and authorities cited therein.

██ In its findings of fact and conclusions of law, the Commission explained its dismissal as follows:

"[A] That respondent [Stevens] admitted in testimony that on occasion he used harsh and abusive language toward the personnel assigned to him.

"[B] That respondent on one or more occasions showed personal favor toward some personnel assigned to him and disfavor toward others, all without apparent justification.

"[C] That respondent, in the presence of personnel assigned to him, referred to his superiors as 'frauds' and 'incapable' of performing their jobs and 'incompetent', and that the efficiency and morale of such employees assigned to him was thereby impaired. Having found such matters, the Commission concludes as a matter of law that:

"1. The rules and regulations of the Civil Service Commission of the State of Colorado provide that an employee may be disciplined or discharged for any, *inter alia,* of the following reasons: 'insubordination' and 'failure to maintain satisfactory and harmonious working relationships with the public and employees.'

"2. The rules and regulations of the Civil Service Com-

mission provide that such charges may be brought on the complaint of the Personnel Director.

"3. There is sufficient evidence to establish that respondent was insubordinate to his superiors in his conduct with fellow employees and that he failed to maintain satisfactory and harmonious relationships with his fellow employees, and that these acts and omissions constitute violations of the above rules and regulations.

"4. Respondent should no longer hold a supervisory position in the classified service; and respondent should be suspended from the classified service without pay from April 3, 1963, through May 12, 1963; and respondent should be demoted from his position as plant engineer to Senior Maintenance Mechanic as of May 13, 1963, at a maximum step of Grade 14 at $517.00 per month."

On all other charges, the Plaintiff was specifically exonerated.

As to paragraph [A] of the Commission's findings, there is a statement in the record where the Plaintiff admitted on direct examination that he might have referred to one of his subordinates as being "feebleminded" and had in fact called him a "hammerhead" which Stevens says is his definition of an "obstinate person." There was also testimony that he had called some of his subordinates vile, insulting and abusive names in the presence of other employees; and that he had questioned employees' abilities in harsh and insulting terms in the presence of other employees. We are satisfied the Commission was reasonable in determining that such conduct would deter from the working harmony of Plaintiff's department.

As to paragraph [B] of the Commission's findings, three of the witnesses specifically testified that Stevens had singled out certain workers to do the "dirty" jobs in the department. Two of these men were the ones who were assigned the "dirty" jobs, but the other stated that at times he himself received the benefits of the favoritism. Again, we are satisfied that the Commission was

reasonable in its finding that Stevens did in fact show favoritism without justification.

As to paragraph [C] of the Commission's findings, several witnesses testified that in their presence, Stevens had used the exact language referred to above by the Commission. Again, we are satisfied the Commission was reasonable in determining that the efficiency and morale of the department was impaired thereby.

The discipline to be invoked by the Civil Service Commission is peculiarly a matter for its expertise, and must not be interferred with by the courts unless a clear, gross abuse of discretion is shown.

We cannot say, as a matter of law, that, taken together, the findings of fact here made by the Commission do not justify the ultimate conclusions made by the Commission that Stevens was not the type of employee who should hold a supervisory position in the classified service.

The judgment is affirmed.

Mr. Justice Lee not participating.