**John PETERSEN, Jr., Plaintiff-Appellant, and Cross-Appellee,**

v.

**COLORADO RACING COMMISSION, a Colorado State Agency, Defendant-Appellee, and Cross-Appellant.**

**No. 82CA1016.**

Colorado Court of Appeals,
Div. II.

Oct. 13, 1983.

Rehearing Denied Nov. 10, 1983.

Allen J. Kincaid & Associates, W. Edward Pabst, Brush, for plaintiff-appellant and cross-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Hector Rene Ramirez, Asst. Atty. Gen., Denver, for defendant-appellee and cross-appellant.

VAN CISE, Judge.

In July 1981, the jockey license of plaintiff, John Petersen, was suspended for two years by the defendant, Colorado Racing Commission (Commission), for possessing an electrical prodding device while mounted and in the starting gate prior to the running of a race. Petersen then instituted this action in the district court for review of the Commission's order pursuant to § 24–4–106, C.R.S.1973 (1982 Repl.Vol. 10). The court affirmed the Commission except that it reduced the suspension from two years to one year, holding that the penalty imposed was too severe and, therefore, an abuse of discretion.

Both parties appeal. We reverse and direct reinstatement of the Commission's original order.

Section 12–60–105.6(1), C.R.S.1973 (1978 Repl.Vol. 5), provides:

"The Commission ... may fine a licensee, suspend a license, or ... revoke a license, if such person has committed any of the following violations:

. . . .

"(n) Possession on the premises of a racetrack of:

. . . .

"(II) A battery, buzzer, electrical device, or other appliance other than a whip which could be used to alter the speed of a racing animal in a race...."

It is undisputed that Petersen committed the above violation. And, there is no claim that he was denied a fair hearing before the Commission after proper notice, or that he was denied judicial review.

Petersen contends that he was deprived of due process of law because the Commission "has failed to promulgate adequate rules, regulations and guidelines to safeguard against the arbitrary and capricious applications of its powers in suspending a licensee and in fixing the duration of such suspensions." We do not agree.

Any requirement for disciplinary guidelines or standards is met in the statute itself when it prescribes the range of penalties which can be imposed by the Commission. *See Duenes-Rodriquez v. Industrial Commission,* 199 Colo. 95, 606 P.2d 437 (1980); *Bennett v. Price,* 167 Colo. 168, 446 P.2d 419 (1968). The statute authorizes revocation of Petersen's license for this violation. Thus, imposing a lesser penalty than revocation is not *per se* arbitrary or an abuse of discretion. *See Bennett v. Price, supra; Hickam v. Colorado Real Estate Commission,* 36 Colo.App. 76, 534 P.2d 1220 (1975). And, there was no showing of an abuse of discretion here. *See Cardamon v. State Board of Optometric Examiners,* 165 Colo. 520, 441 P.2d 25 (1968).

We agree with the Commission's contention that a court cannot substitute its judgment for that of the Commission as to what is a reasonable penalty. *See Stevens v. State Civil Service Commission,* 172 Colo. 446, 474 P.2d 156 (1970); *Ramirez v. Civil Service Commission,* 42 Colo.App. 383, 594 P.2d 1067 (1979). And, the power to modify is not given to a reviewing court under § 24-4-106(7), C.R. S.1973. *See Tomasi v. Thompson,* 635 P.2d 538 (Colo.1981).

The judgment of the trial court is reversed, and the cause is remanded with directions to vacate the stay and to reinstate the original order of the Commission.

SMITH and KELLY, JJ., concur.