Ruth SUSSMAN, Plaintiff-Appellant,

v.

UNIVERSITY OF COLORADO HEALTH SCIENCES CENTER, A DIVISION OF the UNIVERSITY OF COLORADO, and John R. Lilly, M.D., Professor and acting Chairman of the Department of Surgery thereof, Defendants-Appellees.

No. 84CA0312.

Colorado Court of Appeals, Div. III.

Aug. 22, 1985.

Donald A. Brenner, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Ted D. Ayres, John Holloway, Ben A. Rich, Kathleen Mills, Sp. Asst. Attys. Gen., George D. Dikeou, Catherine M. Meyer, Asst. Attys. Gen., Denver, for defendants-appellees.

TURSI, Judge.

Plaintiff, Ruth Sussman, appeals from a trial court order dismissing her complaint against defendant, University of Colorado Health Sciences Center, alleging that defendant wrongfully terminated her employment. We affirm.

Plaintiff was hired as a senior secretary by the Health Sciences Center in October 1977. During her employment plaintiff incurred numerous job-related injuries for which she filed a workmen's compensation claim. On June 15, 1982, the Health Sciences Center discharged plaintiff from her employment. Plaintiff filed this action April 28, 1983, alleging that the sole reason for her discharge was retaliation for filing her workmen's compensation claim. Plaintiff also joined a claim alleging that the action of the Health Sciences Center in discharging her constituted outrageous conduct.

The Health Sciences Center filed a motion to dismiss plaintiff's complaint, alleging that it failed to state a cause of action upon which relief could be granted and, in the alternative, requesting a more definite statement. In its brief in support of the motion to dismiss, the Health Sciences Center argued that plaintiff's claims stated an action in tort and that there was no provision in the Governmental Immunity Act (the Immunity Act), § 24–10–101, et seq., C.R.S. (1982 Repl.Vol. 10), specifically waiving immunity for the Health Sciences Center for "wrongful discharge" claims. In addition, the Health Sciences Center argued that plaintiff's claim is barred by her admitted failure to give notice as required under § 24–10–109, C.R.S., of the Immunity Act. The trial court granted the Health Sciences Center's motion to dismiss but did not state the grounds for its ruling.

On appeal, plaintiff contends that her claim for wrongful discharge states a cause of action in contract to which the Immunity Act does not apply. She concedes on appeal that her claim for outrageous conduct sounds in tort.

The Immunity Act provides that, except as otherwise stated in the act, a public entity shall be immune from liability in a claim for injury which "lies in or could lie in tort." Sections 24–10–105, 24–10–106(1), C.R.S. The parties here do not dispute the fact that the Health Sciences Center is a public entity or that the Immunity Act does not apply to actions in which a public entity is being sued in contract.

Plaintiff does not allege any violation of specific terms of an employment contract. Cf. Maltby v. J.F. Images, Inc., 632 P.2d 646 (Colo.App.1981); Bator v. Mines Development, Inc., 32 Colo.App. 320, 513 P.2d 220 (1973). Her complaint does not allege that the Health Sciences Center violated particular employee handbook policies or state personnel rules. Cf. Corbin v. Sinclair Marketing, Inc., 684 P.2d 265 (Colo. App.1984); Shumate v. State Personnel Board, 34 Colo.App. 393, 528 P.2d 404 (1974). Nor does plaintiff allege that the individual who discharged her exceeded his authority to terminate her employment. Cf. Gray v. City of Manitou Springs, 43 Colo.App. 60, 598 P.2d 527 (1979).

Plaintiff's complaint simply alleges that she was discharged from her employment because she filed a workmen's compensation claim and seeks a tort remedy. In this fashion, the complaint implies that the Health Sciences Center owed plaintiff a duty to refrain from discharging her for exercising a statutory right. As such, the action sounds in tort, and the existence of a contractual relationship between the parties does not change the nature of the action. Murphy v. City of Topeka, 6 Kan. App.2d 488, 630 P.2d 186 (1981); Frampton v. Central Indiana Gas Co., 260 Ind. 249, 297 N.E.2d 425 (1973). See Brooks v. Trans World Airlines, Inc., 574 F.Supp. 805 (D.C.Colo.1983). Thus, as an action in

tort, plaintiff's complaint falls within the purview of the Immunity Act.

■ Plaintiff's claim is barred because of her admitted failure to comply with the obligatory written notice requirements of the Immunity Act. *See* § 24–10–109, C.R.S. Compliance with the notice provisions of this section is a condition precedent to the bringing of any tort action against a public entity, and failure to provide such notice is a complete defense against the claim. *Roberts v. City of Boulder,* 197 Colo. 97, 589 P.2d 934 (1979); *Antonopoulos v. Town of Telluride,* 187 Colo. 392, 532 P.2d 346 (1975).

■ Alternatively, even .if plaintiff's claim is grounded in a contract of employment with defendant, it was properly dismissed because plaintiff made no showing that she had exhausted her administrative remedies under the State Personnel System Act. Section 24–50–101, et seq., C.R.S. (1982 Repl.Vol. 10).

One of the purposes of state personnel system legislation is to protect state employees from arbitrary discharges. *See Coopersmith v. City & County of Denver,* 156 Colo. 469, 399 P.2d 943 (1965). The personnel statute allows dismissal of a certified employee only upon specific grounds. *See* § 24–50–125(1), C.R.S.; Colo. Const. art. XII, § 13(8). The statute also grants the employee a right of appeal and a review hearing before the state personnel board. *See* § 24–50–125(2) through (6), C.R.S.; *Shumate v. State Personnel Board, supra.* The decision of the state personnel board is then subject to judicial review to ensure that the board's decision is supported by competent evidence in the record. *See Stevens v. State Civil Service Commission,* 172 Colo. 446, 474 P.2d 156 (1970).

Since the state personnel board has the authority to review the propriety of discharges of state employees, plaintiff's failure to exhaust her remedies before that body is fatal to her claim in the trial court for purported violation of her contract of hire. *See Gramiger v. Crowley,* 660 P.2d 1279 (Colo.1983).

Because we conclude that the failure to give notice is dispositive, we do not address the question whether a wrongful discharge claim may be made against a public entity.

Accordingly, the order dismissing plaintiff's complaint is affirmed.

VAN CISE and BABCOCK, JJ., concur.